[ No. 73504-2. En Banc.]
Argued October 28, 2003 . Decided November 18, 2004 .

*In the Matter of the Personal Restraint of* JESSE HINTON , ET AL., *Petitioners.*

854

*Jesse Hinton, Sean Schaffer, Nathaniel Haux, Robert C. Wiggins, Audencio A. Chavez, Jovia D. Martin, Miguel Martinez, Samuel Matamua, Aljeron Pleasant,* and *Oliver M. Wright,* pro se.

*Jeffrey Ellis* (of *Ellis Holmes & Witchley*); *Suzan L. Clark; Sheryl G. McCloud; David Zuckerman* and *Suzanne L. Elliott;* and *Michael P. Iaria* (of *Cohen & Iaria*), for petitioners.

*Gerald A. Horne, Prosecuting Attorney for Pierce County,* and *Alicia M. Burton, Deputy; Steven J. Tucker, Prosecuting Attorney for Spokane County,* and *Kevin M. Korsmo, Deputy; Arthur D. Curtis, Prosecuting Attorney for Clark County,* and *Richard A. Melnick, Deputy; Norm Maleng, Prosecuting Attorney for King County,* and *Ann M. Sum-*

*mers* and *James M. Whisman, Deputies*; and *Edward G. Holm, Prosecuting Attorney for Thurston County*, and *Steven Sherman, Deputy*, for respondent.

MADSEN, J. — Each of the petitioners' convictions in these consolidated cases must be vacated in light of *In re Personal Restraint of Andress*, 147 Wn.2d 602, 56 P.3d 981 (2002). While the facts of each petitioner's conduct are immaterial to the legal questions we address in this opinion, we are aware that some of these cases involve horrifying conduct, and all involve heartbreaking loss of life. The cost in terms of human anguish is immeasurable. Judges are not immune to these horrors. Yet, to assure lawful and fair treatment of all persons convicted under a statute that did not criminalize their acts as felony murder, all of these petitioners are entitled to relief. Our obligation is to see that the law is carried out uniformly and justly.

We note that the prosecutors in these cases have stressed the nature of the petitioners' conduct and have vigorously argued that their convictions should stand. A public prosecutor is " ' "a *quasi*-judicial officer, representing the People of the state, and presumed to act impartially in the interest only of justice." ' " *State v. Reed*, 102 Wn.2d 140, 147, 684 P.2d 699 (1984) (quoting *State v. Case*, 49 Wn.2d 66, 70, 298 P.2d 500 (1956) (quoting *People v. Fielding*, 158 N.Y. 542, 547, 53 N.E. 497 (1899))). It is important to remember that such officers

> have to deal with all that is . . . criminal, coarse and brutal in human life. But the safeguards which the wisdom of ages has thrown around persons accused of crime cannot be disregarded, and such officers are reminded that a fearless, impartial discharge of public duty, accompanied by a spirit of fairness toward the accused, is the highest commendation they can hope for.

*State v. Montgomery*, 56 Wash. 443, 447, 105 P. 1035 (1909).

## Facts

In *Andress*, the court held that under former RCW 9A.32.050 (1976) a conviction of second degree felony murder could not be based upon assault as the predicate felony. Each of the petitioners was convicted of second degree felony murder with assault as the predicate felony, either following trial or a plea of guilty. Relying on *Andress*, all of the petitioners filed personal restraint petitions seeking relief from confinement on their second degree felony murder convictions.

## Analysis

### RCW 10.73.090

 We first decide whether the personal restraint petitions are barred by RCW 10.73.090(1), which states that "[n]o petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than one year after the judgment becomes final if the judgment and sentence is valid on its face . . . ." The petitioners claim that they were convicted of a nonexistent crime and therefore their judgments and sentences are invalid on their face. We agree.

One of the elements of second degree felony murder is the predicate felony. *See* 11 WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 27.04, at 303 (2d ed. 1994); *In re Pers. Restraint of Percer*, 150 Wn.2d 41, 50, 75 P.3d 488 (2003); *State v. Roberts*, 142 Wn.2d 471, 507, 14 P.3d 713 (2000). No statute established a crime of second degree felony murder based upon assault at the time the petitioners committed the acts for which they were convicted. A conviction under former RCW 9A.32.050 resting on assault as the underlying felony is not a conviction of a crime at all.

Where a defendant is convicted of a nonexistent crime, the judgment and sentence is invalid on its face. *In re Pers.*

*Restraint of Thompson*, 141 Wn.2d 712, 719, 10 P.3d 380 (2000) (conviction of first degree rape of a child, a nonexistent crime at the time of defendant's conduct alleged to be unlawful; judgment and sentence invalid on its face); *In re Habeas Corpus of Frye*, 47 Wn.2d 605, 288 P.2d 850 (1955) (conviction of being an habitual offender invalid because being an habitual offender was not a crime; judgment and sentence void); *cf. Jenkins v. Bellingham Mun. Court*, 95 Wn.2d 574, 627 P.2d 1316 (1981) (arrests under municipal ordinance for driving under the influence of intoxicants invalid where ordinance did not make driving under the influence a crime).

The invalidity of the petitioners' judgments and sentences is clearly shown by related documents, i.e., charging instruments, statements of guilty pleas, jury instructions, and the judgments and sentences themselves. Such documentation sufficiently establishes the facial invalidity of the judgments and sentences. *See In re Pers. Restraint of Hemenway*, 147 Wn.2d 529, 532, 55 P.3d 615 (2002). Because the petitioners' judgments and sentences are invalid on their face, their personal restraint petitions are not subject to the one year time limit of RCW 10.73.090.[1]

Actual and Substantial Prejudice

█ A personal restraint petitioner asserting constitutional error must establish that the asserted error has resulted in actual and substantial prejudice. *In re Pers. Restraint of Isadore*, 151 Wn.2d 294, 298, 88 P.3d 390 (2004); *In re Pers. Restraint of Cook*, 114 Wn.2d 802, 810, 812, 792 P.2d 506 (1990). This showing is required to serve the interests of finality, economy, and integrity of the trial process, as well as in recognition of the fact that the petitioner has already had an opportunity for judicial review. *Isadore*, 151 Wn.2d at 298 (citing *In re Pers. Restraint of Cashaw*, 123 Wn.2d 138, 148-49, 866 P.2d 8

---

[1] It is thus unnecessary to reach arguments that several of the exceptions to the one year time bar in RCW 10.73.090 apply, i.e., RCW 10.73.100(2), (4), (5), and (6).

(1994)). Proof is by a preponderance of the evidence. *In re Pers. Restraint of St. Pierre*, 118 Wn.2d 321, 328, 823 P.2d 492 (1992).

■ Petitioners have established actual and substantial prejudice resulting from constitutional error. As they point out, the United States Supreme Court has held that it is a fundamental due process violation to convict and incarcerate a person for a crime without proof of all the elements of the crime. *Fiore v. White*, 531 U.S. 225, 228-29, 121 S. Ct. 712, 148 L. Ed. 2d 629 (2001). In *Fiore*, the defendant had been convicted of operating a hazardous waste facility without a permit. The defendant in fact had a permit, but the State successfully argued that he had violated the relevant statute because he had acted outside the permit's terms. The Pennsylvania Supreme Court reversed his codefendant's conviction, construing the statute by its plain terms to mean that only operating without a permit violated the statute. Thereafter, the defendant unsuccessfully sought to have his conviction overturned in state courts and then sought federal habeas relief. The United States Supreme Court first noted that the Pennsylvania high court had ruled in answer to a certified question that the interpretation of the statute in the codefendant's case determined what the statute had meant at the time of the defendant's conviction. The Court therefore concluded that the question was whether under the due process clause Pennsylvania could convict the defendant for conduct that its criminal statute, as interpreted, did not prohibit. *Id*. at 228. The Court held that due process was violated by the failure to prove all of the elements of the crime, i.e., the failure to prove that the defendant lacked a permit. *Id*. at 228-29; *see also Bunkley v. Florida*, 538 U.S. 835, 123 S. Ct. 2020, 155 L. Ed. 2d 1046 (2003).

The same analysis applies here. This court's construction of former RCW 9A.32.050 in *Andress* determined what the statute had meant since 1976. *In re Pers. Restraint of Johnson*, 131 Wn.2d 558, 568, 933 P.2d 1019 (1997); *In re Pers. Restraint of Vandervlugt*, 120 Wn.2d 427, 436, 842

P.2d 950 (1992).[2] Therefore, at the time the petitioners committed the acts for which they were convicted, assault could not stand as the predicate felony for second degree felony murder. The petitioners have thus been convicted of crimes under a statute that, as construed in *Andress*, did not criminalize their conduct as second degree felony murder. Because they have been convicted of nonexistent crimes, they have shown fundamental constitutional error that actually and substantially prejudiced them.

The petitioners are entitled to relief. It has long been recognized that a judgment and sentence based on conviction of a nonexistent crime entitles one to relief on collateral review. *E.g.*, *In re Lombardi*, 13 Wn.2d 1, 123 P.2d 764 (1942). Moreover, in *In re Personal Restraint of Carle*, 93 Wn.2d 31, 604 P.2d 1293 (1980), the court held that the petitioner was entitled to relief from a sentence not authorized by law, observing that a court " 'has the power and duty to correct [such an] erroneous sentence.' " *Carle*, 93 Wn.2d at 33 (emphasis omitted) (quoting *McNutt v. Delmore*, 47 Wn.2d 563, 565, 288 P.2d 848 (1955)). Obviously, the same is true where not just the sentence is without authority of law, but the conviction on which that sentence is based is completely without authority of law. The fact that some of the petitioners pleaded guilty does not make any difference. *Thompson*, 141 Wn.2d at 723 (a plea agreement to plead guilty to a nonexistent crime does not foreclose collateral relief because a plea agreement cannot exceed the statutory authority granted to the courts). As this court explained in *In re Personal Restraint of Goodwin*,

---

[2] When this court construes a statute, setting out what the statute has meant since its enactment, there is no question of retroactivity; the statute must be applied as construed to conduct occurring since its enactment. *State v. Moen*, 129 Wn.2d 535, 538, 919 P.2d 69 (1996); *see also Bousley v. United States*, 523 U.S. 614, 620-21, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) (analysis under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed. 2d 334 (1989), regarding retroactivity of "new rules" in criminal cases on habeas corpus review does not apply in the case of a substantive decision construing a criminal statute so that it does not reach certain conduct; such a construction "necessarily carr[ies] a significant risk that a defendant stands convicted of 'an act that the law does not make criminal' ") (quoting *Davis v. United States*, 417 U.S. 333, 346, 94 S. Ct. 2298, 41 L. Ed. 2d 109 (1974)).

146 Wn.2d 861, 867-72, 50 P.3d 618 (2002), an individual cannot, by way of a negotiated plea agreement, agree to a sentence in excess of that allowed by law and thus cannot waive such a challenge. The same necessarily follows as to a plea agreement to plead guilty to a nonexistent crime.

Finally, the 2003 legislative amendment to the statute, Laws of 2003, ch. 3, § 2, cannot be applied retroactively to petitioners' cases because such an application would violate the ex post facto clauses of the state and federal constitutions. U.S. Const. art. I, § 10; Const. art. I, § 23. A law that imposes punishment for an act that was not punishable when committed or increases the quantum of punishment violates the ex post facto prohibition. *Stogner v. California*, 539 U.S. 607, 612, 123 S. Ct. 2446, 156 L. Ed. 2d 544 (2003); *Collins v. Youngblood*, 497 U.S. 37, 42, 110 S. Ct. 2715, 111 L. Ed. 2d 30 (1990); *In re Pers. Restraint of Forbis*, 150 Wn.2d 91, 96, 74 P.3d 1189 (2003); *State v. Ward*, 123 Wn.2d 488, 496, 869 P.2d 1062 (1994). The amendment added assault to the category of felonies that can serve as predicate felonies for second degree felony murder. The amendment was clearly substantive, and it increased criminal liability for those committing an assault that unintentionally led to death. *See State v. Hennings*, 129 Wn.2d 512, 919 P.2d 580 (1996); *Weaver v. Graham*, 450 U.S. 24, 28-31, 101 S. Ct. 960, 67 L. Ed. 2d 17 (1981).

The petitioners' convictions under former RCW 9A.32.050 are invalid, and they are entitled to relief. Accordingly, their convictions must be vacated and their cases remanded to the appropriate trial courts for further lawful proceedings consistent with *Andress* and our decision here. *See Andress*, 147 Wn.2d at 617 & n.5.[3]

---

[3] We deny motions to quash the consolidation and stay petitions in *Matamua*, *Hinton*, and *Martinez*. We also deny requests by petitioners Matamua and Martinez to dismiss their petitions in the event that we do not direct remand for resentencing on second degree assault.

The personal restraint petitions are granted, and these cases are remanded for further proceedings.

ALEXANDER, C.J., and JOHNSON, SANDERS, and FAIRHURST, JJ., concur.

BRIDGE, J. (concurrence) — I write separately to express my continued disagreement with this court's decision in *In re Personal Restraint of Andress*, 147 Wn.2d 602, 56 P.3d 981 (2002), which held that under former RCW 9A.32.050 (1976), a conviction of second degree felony murder could not be based on assault as the predicate felony. However, the principle of stare decisis now compels me to concur with the majority's application of our decision in *Andress*. *See In re Det. of Campbell*, 139 Wn.2d 341, 348, 986 P.2d 771 (1999) (citing *Key Design, Inc. v. Moser*, 138 Wn.2d 875, 882, 983 P.2d 653, 993 P.2d 900 (1999)). Under *Andress*, the petitioners' judgments and sentences are necessarily invalid on their face; thus, RCW 10.73.090(1)'s procedural time bar does not apply. Majority at 857-58. I must also agree with the majority's conclusion that the petitioners' due process rights were violated when they were convicted of second degree felony murder without proof of all the elements of the crime. Majority at 859-60. Therefore, the petitioners are entitled to relief.

IRELAND, CHAMBERS, and OWENS, JJ., concur with BRIDGE, J.