[No. 20745-5-III.  Division Three.  April 26, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. MARSIAL TISCORINO, *Appellant*.

---

[26] *Mahler v. Szucs*, 135 Wn.2d 398, 434, 957 P.2d 632, 966 P.2d 305 (1998).

[27] *Arment v. Kmart Corp.*, 79 Wn. App. 694, 700, 902 P.2d 1254 (1995).

*Sheryl G. McCloud*, for appellant.

*Steven M. Lowe, Prosecuting Attorney*, and *Frank W. Jenny II* and *Paige L. Sully, Deputies*, for respondent.

¶1 PER CURIAM — Marsial Tiscorino appealed his 1996 Franklin County conviction of second degree felony murder involving the predicate felony of second degree assault. This court remanded the case to superior court on a sentencing issue. *State v. Tiscorino,* 124 Wn. App. 476, 98 P.3d 529 (2004), *review granted and remanded,* 153 Wn.2d 1017 (2005). Mr. Tiscorino then petitioned for review of that decision in the Washington Supreme Court. On March 1, 2005, the Supreme Court granted the petition for review and remanded the appeal to this court "for reconsideration

in light of [*In re Personal Restraint of*] *Hinton*, 152 Wn.2d 853[, 100 P.3d 801] (2004)." Supreme Court Order No. 76171-0, entered March 1, 2005.

¶2 In 2002, the Washington Supreme Court had held that assault may not serve as the predicate crime for second degree felony murder under former RCW 9A.32.050(1)(b) (1976). *In re Pers. Restraint of Andress*, 147 Wn.2d 602, 616, 56 P.3d 981 (2002).[1] We initially stayed Mr. Tiscorino's appeal pending the entry of decisions resolving certain *Andress* issues in *State v. Hanson,* 151 Wn.2d 783, 91 P.3d 888 (2004) and *Hinton*, 152 Wn.2d 853, both then under review in the Supreme Court. The Supreme Court decided *Hanson* in June 2004. Subsequently, this court lifted the stay in Mr. Tiscorino's appeal and addressed a sentencing issue raised there because a resolution of that issue in Mr. Tiscorino's favor had the potential of resulting in a release of Mr. Tiscorino from confinement for time already served.

■ ¶3 After entry of our decision in Mr. Tiscorino's appeal and pending the consideration of his petition for review of that decision in the Supreme Court, *Hinton* was decided and became final on December 14, 2004. In *Hinton*, the court held that the decision in *Andress* applied retroactively. The holdings in *Andress* and *Hinton* entitle Mr. Tiscorino to relief.

¶4 Accordingly, we vacate Mr. Tiscorino's conviction of second degree felony murder and remand his case to the Franklin County Superior Court for further lawful proceedings consistent with *Andress* and *Hinton*. *Hinton*, 152 Wn.2d at 861 (citing *Andress*, 147 Wn.2d at 617 n.5).[2]

---

[1] Following the *Andress* decision, the legislature amended the second degree felony murder statute, effective February 12, 2003, to expressly declare that assault is included among the predicate crimes under the second degree felony murder statute. LAWS OF 2003, ch. 3, § 2.

[2] By separate order filed today, the earlier opinion of this court was withdrawn. The court notes that in subsection B of the earlier opinion, it did not address the application of RCW 13.40.285 to the issue of whether the superior court erred when it ordered Mr. Tiscorino to serve his sentence for second degree felony murder consecutive to his separate sentence for a juvenile court adjudication for second degree robbery. If the issue arises in the superior court proceedings on

remand, the parties are directed to brief the application of RCW 13.40.285 for the superior court's instruction.