# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,               )
                                   )   DIVISION ONE
              Respondent,          )
                                   )   No. 69561-4-I
       v.                          )
                                   )   UNPUBLISHED OPINION
STEPHEN THOMAS LYNCH,              )
a/k/a STEVEN THOMAS LYNCH,         )
                                   )
              Appellant.           )   FILED:   JUL – 8 2013
_____)

PER CURIAM—Stephen Lynch appeals an "Order Transferring Defendant's

Motion to Vacate Judgment to The Court of Appeals" for treatment as a personal

restraint petition. Noting that the body of the court's order also states that

"Defense motion to vacate is denied," Lynch challenges the denial of his motion

but not its transfer. We vacate the court's denial of Lynch's motion, convert his

appeal to a personal restraint petition, and dismiss the petition as untimely.

In September 2005, Lynch entered the home of his neighbor, Connie

Laire, without permission. In the presence of contractors working on the

premises, he angrily demanded that she return his garage door opener and

yelled obscenities at her. When contractor Larry Vanderhoof told Lynch to leave,

Lynch swore and angrily replied that Vanderhoof was a punk who should not tell

him what to do. Lynch said if anyone touched him he would bring down more

trouble than they could deal with. Vanderhoof called 911 and Lynch left.

About half an hour later, Lynch blocked Laire's driveway with his truck, pulled out a rifle, and began waving and pointing it at Laire's house. One of the contractors warned everyone in the house that Lynch was armed. Laire looked out a window and saw Lynch point his gun at the house. Lynch yelled and dared the people in the house to confront him. Vanderhoof, who was standing in the garage, saw Lynch aim the rifle directly at him. Afraid for his life, Vanderhoof ran for cover. A police officer who arrived shortly thereafter saw Lynch place a rifle in his truck.

The officer arrested Lynch and found the rifle in his truck. It was loaded and ready to fire. Lynch denied entering Laire's home without permission and claimed the contractors surrounded and threatened him.

In 2006, the State charged Lynch with felony harassment. He subsequently pled guilty by Alford[1] plea and was sentenced to 30 days home detention. He did not appeal.

In June 2011, Lynch filed a CrR 7.8 motion to vacate the judgment and sentence. The State responded that the motion was untimely and asked the superior court to transfer it to this court for treatment as a personal restraint petition. The superior court heard oral argument, denied the motion to vacate, and ordered the case transferred to this court for treatment as a personal restraint petition. Lynch appealed directly to the State Supreme Court, which denied direct review and transferred the matter to this court.

---

[1] North Carolina v. Alford, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

-2-

No. 69561-4-I/3

We begin by addressing conflicting language in the superior court's order. Although the order is titled "Order Transferring Defendant's Motion to Vacate Judgment to The Court of Appeals," the body of the order contains a handwritten interlineation stating: "Defense motion to vacate is denied." CrR 7.8 authorizes a court to *either* transfer a CrR 7.8 to this court for treatment as a personal restraint petition or, if the motion is timely and meets other requirements, decide it on its merits. It does not authorize a court to do both. See State v. Smith, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). To the extent the court's order in this case could be read as both denying the motion to vacate on its merits and transferring it to this court for a decision on the merits, that reading renders the order internally inconsistent and directly contrary to CrR 7.8. The only reasonable reading of the order is that the court concluded the motion was untimely, "denied" it for that reason, and transferred it to this court for a decision on the merits. See State v. Hobble, 126 Wn.2d 283, 295, 892 P.2d 85 (1995) (adopting only reasonable interpretation of order).

Turning to Lynch's appeal, he assigns error to the court's denial of his motion to vacate his judgment and sentence. We agree that the court erred, but for different reasons. Under CrR 7.8, once the court determined that his motion was untimely, it lacked the authority to deny the motion on any grounds and was required to transfer it to this court for treatment as a personal restraint petition. Smith, 144 Wn. App. at 864. Accordingly, we vacate the portion of the order denying Lynch's motion.

-3-

Lynch does not challenge the portion of the court's order transferring his motion to this court for resolution as a personal restraint petition. Treating the substantive arguments in his appeal as a personal restraint petition, we conclude that the petition is untimely and must be dismissed.

A CrR 7.8 motion challenging a criminal conviction must be brought within one year after the judgment and sentence becomes final. CrR 7.8(b); RCW 10.73.090(1), (2). Lynch's motion was not filed within this time period. However, the one-year time limit does not apply if the "statute that the defendant was convicted of violating was unconstitutional on its face or as applied to the defendant's conduct" or the "defendant pled not guilty and the evidence introduced at trial was insufficient to support the conviction." RCW 10.73.100(2), (4). The time limit is also inapplicable if the judgment is facially invalid or was entered without competent jurisdiction. RCW 10.73.090(1); In re Pers. Restraint of Hinton, 152 Wn.2d 853, 857, 100 P.3d 801 (2004).

Lynch contends his CrR 7.8 motion falls within exceptions to the time-bar because he did not make a "true threat" and therefore the felony harassment statute is unconstitutional as applied to his conduct. We disagree. To avoid a First Amendment violation, a conviction for felony harassment must be based on a "true threat." State v. Kilburn, 151 Wn.2d 36, 43, 46, 84 P.3d 1215 (2004); State v. Schaler, 169 Wn.2d 274, 282, 236 P.3d 858 (2010). A "true threat" is "'a statement made in a context or under such circumstances wherein a reasonable person would foresee that the statement would be interpreted . . . as a serious

expression of intention to inflict bodily harm upon or to take the life' of another person." Kilburn, 151 Wn.2d at 43 (alteration in original) (internal quotation marks omitted) (quoting State v. Williams, 144 Wn.2d 197, 207-08, 26 P.3d 890 (2001)). Here, a reasonable person would foresee that Lynch's conduct, including his angry statements, his blocking of the driveway, and his brandishing and aiming of his gun, would be interpreted as a serious threat to kill or inflict bodily harm.

Lynch next contends his motion was timely because there was insufficient evidence of a "true threat." As discussed above, there was sufficient evidence of a true threat. In any event, the insufficient evidence exception applies only to offenders who plead not guilty. RCW 10.73.100(4). Because Lynch pled guilty, the insufficient evidence exception to the time bar is inapplicable.

Lynch also argues that the one-year bar does not apply because the sentence he received exceeded the court's jurisdiction. RCW 10.73.100(5). But this argument rests on the false premise that there was insufficient evidence of a "true threat."

Finally, Lynch asserts that the judgment is invalid on its face and/or void because he was neither charged with, nor convicted of, making a "true threat." But the "true threat" requirement is not an element of felony harassment, State v. Allen, 176 Wn.2d 611, 626-27, 294 P.3d 679 (2013), and thus its absence from the information or other plea documents does not establish facial invalidity.

In conclusion, we vacate the denial of Lynch's motion to vacate, convert the appeal to a personal restraint petition, and dismiss the petition as untimely.

The petition is dismissed.

For the court:

Leach C. J.