# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 53551-3-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| MATTHEW BENJAMIN LABOUNTY, aka NICHOLAS RYAN GEORGE, | |
| Appellant. | |

MAXA, J. – Matthew LaBounty initially appealed his sentence for unlawful possession of a controlled substance, buprenorphine. In a supplemental brief, LaBounty challenged his conviction following the Supreme Court's decision in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021). The State concedes that LaBounty's conviction must be vacated. We reverse and remand for the trial court to vacate LaBounty's conviction.

While LaBounty was incarcerated on another matter, corrections officers found a controlled substance in his possession. The State charged LaBounty with unlawful possession of a controlled substance, buprenorphine. He agreed to plead guilty based on a plea agreement with the State. LaBounty now challenges his conviction.

In *Blake*, the Supreme Court held that Washington's strict liability drug possession statute, RCW 69.50.4013(1), violates state and federal due process clauses and therefore is void. 197 Wn.2d at 195. As a result, any conviction based on that statute is invalid. *See In re Pers.*

*Restraint of Hinton*, 152 Wn.2d 853, 857, 100 P.3d 801 (2004) (a judgment and sentence is invalid on its face when a defendant is convicted of a nonexistent crime). And a conviction based on an unconstitutional statute must be vacated. *See Blake*, 197 Wn.2d at 195; *State v. Carnahan*, 130 Wn. App. 159, 164, 122 P.3d 187 (2005) (vacating a conviction that was based on a statute that the Supreme Court held was unconstitutional). Therefore, LaBounty's conviction for possession of a controlled substance must be vacated.

We reverse and remand to the trial court to vacate LaBounty's conviction for unlawful possession of a controlled substance.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

MAXA, J.

We concur:

SUTTON, J.

GLASGOW, A.C.J.