# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>DAVID ACE MIKEALS,<br><br>Appellant. | No.  53455-0-II<br><br>UNPUBLISHED OPINION |

LEE, C.J. — David A. Mikeals was convicted of residential burglary, possession of a controlled substance, and bail jumping.  Mikeals appeals only his conviction for possession of a controlled substance, arguing that the statute criminalizing simple possession is unconstitutional.  Based on our Supreme Court's decision in *State v. Blake*,[1] we agree.  Therefore, we reverse Mikeals' conviction for possession of a controlled substance and remand to the trial court to vacate that conviction and to resentence Mikeals on his remaining convictions.[2]

---

[1] *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021).

[2] Mikeals also filed a motion to remand for resentencing.  *Motion to Remand for Resentencing in Light of Blake*, No. 53455-0-II, March 17, 2021.  The State agrees that this case should be remanded for resentencing.  Because we reverse Mikeals' conviction for possession of a controlled substance, resentencing is necessarily required.  Therefore, we also grant Mikeals' motion for resentencing.

In addition, Mikeals filed a motion for accelerated review that is pending before this court.  *Motion to Accelerate Review*, No. 53455-0-II, April 6, 2021.  Because we have now decided Mikeals' appeal, the motion for accelerated review is now moot.

## FACTS

Following a jury trial, Mikeals was convicted of residential burglary, possession of a controlled substance, and bail jumping. Mikeals appeals his conviction for possession of a controlled substance.

## ANALYSIS

Mikeals argues that his conviction for possession of a controlled substance is unconstitutional. We agree.

In *Blake*, our Supreme Court held that RCW 69.50.4013(1), the statute criminalizing simple possession, is unconstitutional. 197 Wn.2d at 186. Therefore, the statute is void. *Id.* at 195. Because RCW 69.50.4013(1) is void, Mikeals' conviction for possession of a controlled substance is invalid. *See In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 857-58, 100 P.3d 801 (2004).

We reverse Mikeals' conviction for possession of a controlled substance. We remand to the trial court to vacate Mikeals' conviction for possession of a controlled substance and to resentence Mikeals on his remaining convictions.

No. 53455-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, C.J.
Lee, C.J.

We concur:

_____
Worswick, J.

_____
Glasgow, J.