# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54644-2-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| JASPER ELIJAH LANDRY, | |
| Appellant. | |

MAXA, J. – Jasper Landry appeals his convictions of unlawful possession of a controlled substance (methamphetamine), unlawful imprisonment, and felony domestic violence violation of a court order.  The convictions arose from a series of altercations that took place between Landry and the victim.

We hold that (1) Landry's conviction for unlawful possession of methamphetamine must be vacated under *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), (2) sufficient evidence supports the unlawful imprisonment conviction, and (3) Landry waived his prosecutorial misconduct claim because he did not object at trial.

Accordingly, we affirm Landry's convictions of unlawful imprisonment and felony domestic violence violation of a court order, but we remand for the trial court to vacate his unlawful possession of a controlled substance conviction and for resentencing.

## FACTS

*Background*

Landry was subject to a domestic violence no contact order prohibiting his contact with Amelia Lines, with whom he had a relationship.  Despite this order, they mutually agreed to

meet so that Landry could obtain money for Lines' supervision fee required for visitation with her children. Lines drove Landry to a friend's house to pick up a check for her benefit, but Lines became upset about waiting in the car for an extended period of time. Lines left Landry behind, but eventually she returned to pick him up and they went back to her trailer together.

When they returned to Lines' trailer, they argued and two physical altercations resulted. The first altercation took place throughout the night, after which Lines phoned the police from a store to report that Landry had injured her. At that time, a Mason County Sheriff's deputy searched the trailer but did not find Landry.

The second altercation occurred after Lines returned from reporting to the police and encountered Landry in the trailer. After this altercation, Lines again contacted the police. The police again searched the trailer. They found what later was determined to be methamphetamine next to a pile of men's clothing. Deputies eventually located Landry nearby and arrested him.

The State charged Landry with unlawful possession of a controlled substance – methamphetamine, unlawful imprisonment, domestic violence felony violation of a court order, and first degree robbery.

*Jury Trial*

At trial, Lines testified that during the first altercation in her trailer, she and Landry struggled over possession of her cellphone. During the struggle she went into the bathroom to hide, but Landry popped the door open. She tried to get out of the bathroom, but he pushed her by her face into the back of the bathroom.

Lines also testified that Landry would not let her leave the trailer for about five hours. She stated that he prevented her from leaving by engaging in abusive behavior and making

2

threats. Lines stated that Landry knew that she would call the police if she left, and he would not make it possible for her to leave. She finally was able to leave and call the police.

Lines testified that sometime after she finished speaking with the deputy, she returned to her trailer. She testified that when she went to turn around to close the door, Landry was there and shut and locked the door and ordered her to sit on the couch. Lines grabbed a fire extinguisher to block him, and she stated that it went off when Landry grabbed it. A photograph admitted into evidence showed fire extinguisher powder all over the floor of the trailer. After that, Landry grabbed her by the hair, pushed her to the ground and started punching her on the side of the head. He continued hitting her and threatening her while she begged him to let her call somebody to help because her head hurt.

Landry testified and disputed Lines' account of both altercations. He described Lines as the aggressor. He also said that the fire extinguisher never sprayed the trailer that it just "plopped out" and started to foam. Report of Proceedings (RP) (Jan. 3, 2020) at 166.

In his rebuttal argument, the prosecutor referenced the photograph of the fire extinguisher spray and said that the photograph was inconsistent with Landry's testimony. He argued that the photograph confirmed Lines' story and that "[s]he wasn't lying here. She's telling the truth about this. She's telling the truth about everything else as well because she's truthful about this." RP (Jan. 3, 2020) at 238.

The prosecutor then argued that Landry had "made stuff up, stuff that people just don't do," and he argued that Landry was "toss[ing] something in [his story] for convenience to make the story work." RP (Jan. 3, 2020) at 238.

The jury found Landry guilty of unlawful possession of a controlled substance, unlawful imprisonment, and domestic violence felony violation of a court order. The jury found him not

3

guilty both of first degree robbery and the lesser offense of second degree robbery. Landry appeals his convictions.

ANALYSIS

A.    UNLAWFUL POSSESSION OF CONTROLLED SUBSTANCE CONVICTION

Landry argues that there was insufficient evidence to support his unlawful possession of a controlled substance (methamphetamine) conviction. He also argues that his defense counsel provided ineffective assistance of counsel by arguing that Landry may be guilty of the possession charge. We need not reach the merits of these arguments because the conviction must be vacated under *Blake*.

In *Blake*, the Supreme Court held that RCW 69.50.4013(1), Washington's strict liability drug possession statute, violates the state and federal due process clauses and is void. 197 Wn.2d at 195. As a result, any conviction arising under that statute is invalid. *See In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 857, 100 P.3d 801 (2004) (a judgment and sentence is invalid on its face when a defendant is convicted of a nonexistent crime). Any conviction based on an unconstitutional statute must be vacated. *See Blake*, 197 Wn.2d at 195; *State v. Carnahan*, 130 Wn. App. 159, 164, 122 P.3d 187 (2005) (vacating a conviction where the Supreme Court found the underlying statute unconstitutional). Therefore, Landry's conviction for unlawful possession of a controlled substance must be vacated, and he must be resentenced.

Landry's ineffective assistance of counsel claim relates only to his unlawful possession of a controlled substance conviction. Because Landry's conviction for unlawful possession of a controlled substance must be vacated, we need not address this claim.

B.    SUFFICIENCY OF THE EVIDENCE – UNLAWFUL IMPRISONMENT

Landry argues the State failed to present sufficient evidence to support his unlawful imprisonment conviction. Specifically, he claims that the State did not prove the element of knowing restraint. We disagree.

1.    Standard of Review

The test for determining sufficiency of evidence is whether any rational trier of fact could find all the elements of the charged crime beyond a reasonable doubt after viewing the evidence in a light most favorable to the State. *State v. Dreewes*, 192 Wn.2d 812, 821, 432 P.3d 795 (2019). We resolve all reasonable inferences based on the evidence in favor of the State and interpret inferences most strongly against the defendant. *Id.* at 821-22. The State's evidence is admitted as true and circumstantial evidence is considered as equally reliable as direct evidence. *State v. Scanlan*, 193 Wn.2d 753, 770, 445 P.3d 960 (2019), *cert. denied,* 140 S. Ct. 834 (2020). Credibility determinations are made by the trier of fact and are not subject to review. *State v. Cardenas-Flores*, 189 Wn.2d 243, 266, 401 P.3d 19 (2017).

2.    Legal Principles

"A person is guilty of unlawful imprisonment if he or she knowingly restrains another person." RCW 9A.40.040(1). Restrain means to "restrict a person's movement without consent and without legal authority in a manner which interferes substantially with his or her liberty." RCW 9A.40.010(6). Restraint that is "without consent" can occur through "physical force, intimidation, or deception." RCW 9A.40.010(6).

A person acts "knowingly" when

> (i) He or she is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or

(ii) He or she has information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by a statute defining an offense.

RCW 9A.08.010(b).

3.    Analysis

Here, the evidence at trial was sufficient to allow a rational jury to find that Landry knowingly restrained Lines.  Lines testified that Landry prevented her from leaving her bathroom and that there were several instances where Landry prevented her from leaving her trailer.  She stated that he pushed her into the back corner of her bathroom when she was attempting to leave the room.  She also testified that he prevented her from leaving the trailer for five hours in the early morning by engaging in abusive behavior and threats.  Lines stated that Landry would not make it possible for her to leave and to call the police.

Then Lines testified that when she left and came back after calling the police, Landry shut and locked the door behind her and ordered her to sit on the couch.  She testified that he hit her repeatedly and issued threats preventing her from phoning someone to seek treatment for her injuries.

Landry's testimony contradicts Lines testimony of the unlawful imprisonment, but we do not review credibility determinations. *Cardenas-Flores*, 189 Wn.2d at 266.  We conclude that there was sufficient evidence for a rational trier of fact to find the element of knowing restraint to support Landry's conviction for unlawful imprisonment.

C.    PROSECUTORIAL MISCONDUCT

Landry argues that the prosecutor committed misconduct in his closing argument by (1) vouching for Lines' credibility as a witness and (2) expressing a personal opinion that Landry was making up a story.  We conclude that, even assuming without deciding that the prosecutor's

arguments were improper, Landry waived his prosecutorial misconduct claim because he failed to object in the trial court.

      1.    Legal Principles

To prevail on a claim of prosecutorial misconduct, a defendant must show that the prosecutor's conduct was both improper and prejudicial. *In re Pers. Restraint of Glasmann*, 175 Wn.2d 696, 704, 286 P.3d 673 (2012). We must consider the prosecutor's conduct in the context of the record and all the circumstances at trial. *State v. Thorgerson*, 172 Wn.2d 438, 442, 258 P.3d 43 (2011).

When the defendant fails to object at trial, he or she is deemed to have waived any claims of prosecutorial misconduct unless the misconduct was "so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice." *State v. Emery*, 174 Wn.2d 741, 760-61, 278 P.3d 653 (2012). The defendant must show that (1) a curative instruction would not have eliminated any prejudicial effect and (2) the misconduct had a substantial likelihood of affecting the verdict. *Id.* at 761. Reviewing courts should focus more on whether the resulting prejudice could have been cured and less on whether the prosecutor's misconduct was flagrant or ill intentioned. *In re Pers. Restraint of Phelps,* 190 Wn.2d 155, 165-66, 410 P.3d 1142 (2018).

A prosecutor who states a personal opinion as to the credibility of witnesses or the defendant's guilt commits misconduct. *State v. Lindsay*, 180 Wn.2d 423, 437, 326 P.3d 125 (2014). But a prosecutor can argue the credibility of witnesses if based on reasonable inferences from the evidence. *Thorgerson,* 172 Wn.2d at 448.

Specifically, a prosecutor cannot vouch for the credibility of a favorable witness. *State v. Coleman*, 155 Wn. App. 951, 957, 231 P.3d 212 (2010). But the prosecutor can argue that a witness is credible based on the evidence. *See State v. Robison*, 189 Wn. App. 877, 893-94, 359

P.3d 874 (2015). And a prosecutor cannot state his or her personal belief that the defendant is lying. *See State v. Copeland*, 130 Wn.2d 244, 290-92, 922 P.2d 1304 (1996). But a prosecutor may argue that the defendant is not telling the truth if the prosecutor refers to specific evidence that supports an argument that the defendant lied. *Id.* at 291.

2.   Analysis

Here, the prosecutor argued that Landry's testimony regarding the fire extinguisher "blooping out" was inconsistent with the photograph of the fire extinguisher spray that was admitted into evidence. RP (Jan. 3, 2020) at 237. The prosecutor stated "[t]his physical evidence, it doesn't lie. This totally confirms Ms. Lines' story of how this happened. She wasn't lying here. She's telling the truth about this. She's telling the truth about everything else as well because she's truthful about this." RP (Jan. 3, 2020) at 237-38.

The prosecutor made the following argument about Landry's credibility:

We've seen numerous examples during this case where the defendant made stuff up, stuff that people just don't do. It just doesn't happen. . . . [I]f you have something happen, it just can't be for convenience throwing something in there. There has to be some background to it. There has to be – has to work, it has to be logical. You just don't toss something in there for convenience to make the story work.
   Well that's what the defendant's doing here. He's tossing his little story to make it work, make it look like he's innocent, while he was very calm and professional the entire time obviously. He's doing that, but it doesn't make any sense. It isn't backed up by reason. It isn't backed up by human experience, the way that we as a people deal with one another. That's not in there. What he said is simply not the way we do things.

RP (Jan. 3, 2020) at 238.

We assume without deciding that some of these arguments were improper. But even if the prosecutor committed misconduct, Landry did not object to the prosecutor's statements. We conclude that these statements were not flagrant and ill-intentioned and that an instruction could

have cured any prejudice. Therefore, we hold that Landry waived his prosecutorial misconduct claim.

## CONCLUSION

We affirm Landry's convictions for unlawful imprisonment and violation of a no contact order, but we remand for the trial court to vacate his unlawful possession of a controlled substance conviction and for resentencing.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
LEE, C.J.

_____
SUTTON, J.