IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 38080-7-III |
| | ) | |
| GILBERT GONZALES, JR., | ) | UNPUBLISHED OPINION |
| | ) | |
| Petitioner. | ) | |

PENNELL, C.J. — Gilbert Gonzales, Jr. has filed a petition for relief from personal restraint imposed following his 2020 conviction for one count of second degree unlawful possession of a firearm under RCW 9.41.040(2)(a)(i). At the time of his guilty plea, RCW 9.41.040(2)(a)(i) made it a felony for any person who had previously been convicted for possession of a controlled substance under former RCW 69.50.4013 (2017) to possess a firearm. Mr. Gonzales had eight previous felony convictions for possession of a controlled substance under former RCW 69.50.4013.

In February 2021, the Washington Supreme Court issued its decision in *State v. Blake*, 197 Wn.2d 170, 195, 481 P.3d 521 (2021), holding that former RCW 69.50.4013 violated state and federal due process clauses and was therefore void. Mr. Gonzales subsequently filed a personal restraint petition within the one-year time bar of RCW 10.73.090, seeking the vacation of his conviction for unlawful possession of a firearm.

The State concedes that because Mr. Gonzales's previous felony convictions for possession of a controlled substance were unconstitutional, they could not be predicates

No. 38080-7-III
*In re Pers. Restraint of Gonzales*

for his conviction for unlawful possession of a firearm. *See State ex rel. Evans v. Brotherhood of Friends*, 41 Wn.2d 133, 143, 247 P.2d 787 (1952) ("If a statute is unconstitutional, it is and has always been a legal nullity."). Accordingly, the State agrees that Mr. Gonzales's conviction for unlawful possession of a firearm must be vacated. *See In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 860, 100 P.3d 801 (2004) ("[A] judgment and sentence based on conviction of a nonexistent crime entitles one to relief on collateral review.").

Based on our own review of Mr. Gonzales's petition, and the State's concessions, we grant the personal restraint petition and remand to the Superior Court for the vacation of his conviction. Based on this disposition, we need not address Mr. Gonzales's other claims of error.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, C.J.

WE CONCUR:

_____          _____
Siddoway, J.                                               Lawrence-Berrey, J.

2