IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) | No. 35949-2-III |
| | ) | |
| | ) | |
| THOMAS ARANDA, | ) | |
| | ) | UNPUBLISHED OPINION |
| Petitioner. | ) | |
| | ) | |

FEARING, J. — Thomas Aranda seeks relief from personal restraint imposed for his

2010 Chelan County convictions upon a guilty plea for first degree rape with a firearm

enhancement, first degree robbery with a firearm enhancement, first degree burglary,

second degree unlawful possession of a firearm, and unlawful possession of a controlled

substance. Aranda, who was 16 years old at the time of the offenses, contends he is

entitled to resentencing for the court to consider the mitigating qualities of his

youthfulness. He also argues he is entitled to vacation of his conviction of unlawful

possession of a controlled substance and resentencing on his remaining counts. This

Court concludes that Aranda is entitled to resentencing under *State v. Blake*, 197 Wn.2d

170, 182-83, 186, 481 P.3d 521 (2021), and therefore does not reach Aranda's argument

that he is also entitled to resentencing under *State v. Houston-Sconiers*, 188 Wn.2d 1, 18,

391 P.3d 409 (2017) and its progeny.

*Background*

In 2008, Thomas Aranda and four other individuals engaged in a home invasion to confront an individual who they believed sold them bad drugs. While inside the residence, Aranda raped a victim at gunpoint.

In 2009, Thomas Aranda pled guilty to the charges identified above, including one count of first degree rape with a firearm enhancement and one count of unlawful possession of a controlled substance. The high end of his standard range was 336 months. The State recommended a sentence of 324 months and Aranda asked for a low-end range sentence of 282 months. On January 14, 2010, the sentencing court imposed a determinate sentence of 324 months of confinement. On March 3, 2010, the court entered an agreed clarification order that reflected that the rape sentence was an indeterminate sentence, with a minimum term of 264 months and a maximum term of life.

Thomas Aranda unsuccessfully appealed his convictions and filed two unsuccessful post-conviction motions seeking to withdraw his guilty plea. *State v. Aranda,* comm'r ruling No. 31311-5-III (Wash. Ct. App. 2014); *In re Personal Restraint of Aranda*, No. 30082-0-III (Wash. Ct. App. 2012); *See In re Personal Restraint of Aranda*, No. 34481-9-III (Wash. Ct. App. 2017). In 2018, Aranda filed a CrR 7.8 motion with the superior court that sought resentencing pursuant to *State v. Houston-Sconiers*,

188 Wn.2d 1, 18, 391 P.3d 409 (2017). In a letter ruling, the superior court concluded that

*Houston-Sconiers* was not material to Aranda's sentence. The superior court reasoned that, when Aranda failed to accept responsibility for the rape offense, he could not demonstrate that youth was a mitigating factor as to that offense. The superior court transferred the motion to this court pursuant to CrR 7.8(c) for consideration as a personal restraint petition.

On multiple occasions, this court stayed Thomas Aranda's personal restraint petition pending various Supreme Court decisions in other cases involving youthfulness as a mitigating factor. Following the Supreme Court's decisions in *In re Personal Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 474 P.3d 524 (2020), and *In re Personal Restraint of Ali*, 196 Wn.2d 220, 474 P.3d 507 (2020), this Court lifted the stay and requested supplemental briefing with regard to youth sentencing and *State v. Blake*, 197 Wn.2d 170, 182-83 (2021). Aranda submitted supplemental materials arguing that he is entitled to resentencing under *Ali* and *Domingo-Cornelio* and that he is entitled to vacation of the controlled substance conviction and resentencing under *State v. Blake*. The State's supplemental brief asserts that Mr. Aranda fails to demonstrate actual and substantial prejudice under *In re Personal Restraint of Meippen*, 193 Wn.2d 310, 440 P.3d 978 (2019), with regard to his sentencing as a youth. The State did not provide any briefing regarding the applicability of *Blake* to Mr. Aranda's case.

During the pendency of his personal restraint petition, Thomas Aranda filed a new CrR 7.8 motion with the superior court. He claimed that his entire plea agreement was void pursuant to *Blake* and that he was entitled to a new trial. The superior court recently transferred the motion to this court for consideration as another restrain petition. Nevertheless, this court ruled that the superior court's transfer order did not comply with the requirements of CrR 7.8(c)(2) and remanded the motion to the superior court.

*Analysis*

Since Thomas Aranda filed this petition more than one year after his judgment and sentence became final on June 22, 2015, RCW 10.73.090(1) bars the petition as untimely unless he shows the judgment and sentence to be invalid on its face, the court lacked competent jurisdiction, or Aranda grounds his petition solely on one or more of the exceptions set forth in RCW 10.73.100(1)-(6).

After Thomas Aranda filed his personal restraint petition, our Supreme Court announced that *Houston-Sconiers* was a significant change in the law requiring retroactive application. *In re Personal Restraint of Domingo-Cornelio*, 196 Wn.2d 255, 263 (2020); *In re Personal Restraint of Ali*, 196 Wn.2d 220, 233 (2020). The change in law set forth in *Houston-Sconiers* "is material to adult standard range sentences imposed for crimes the defendant committed as a child." *Domingo-Cornelio*, 196 Wn.2d at 266. Aranda was sentenced to an adult standard range sentence for crimes committed when he

4

was under the age of 18, and thus *Houston-Sconiers* is material to Aranda's case and his petition is timely under RCW 10.73.100(6).

Thomas Aranda's petition is also timely under the facial invalidity exception to RCW 10.73.090(1). In *State v. Blake*, 197 Wn.2d 170, 182-83 (2021), the Supreme Court held that Washington's strict liability drug possession statute, former RCW 69.50.4013(1), violated state and federal due process clauses and was therefore void. Although the Supreme Court did not specify whether its ruling applied to cases already final, established precedent counsels that *Blake* applies to such cases. An accused cannot be convicted on a void statute. *State v. Carnahan*, 130 Wn. App. 159, 164, 122 P.3d 187 (2005). Since the former controlled substance possession statute is void, we can determine on the face of Aranda's judgment and sentence that his conviction for unlawful possession of a controlled substance is void. Thus, no time bar precludes his challenge to his possession conviction.

In the personal restraint context, this court will only grant relief for constitutional errors resulting in actual and substantial prejudice. *In re Personal Restraint of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990). Because a person cannot be punished for violating a void statute, Thomas Aranda suffers actual and substantial prejudice based on his conviction for possession of a controlled substance. *See In re Pers. Restraint of Hinton*, 152 Wn.2d 853, 860, 100 P.3d 801 (2004). Aranda is entitled to vacation of his conviction and to be resentenced on the remaining convictions under *Blake*.

No. 35949-2-III
*In re Personal Restraint of Aranda*

Since Thomas Aranda has demonstrated he is entitled to resentencing under *Blake*, we decline to reach his request for resentencing under *Ali*, *Domingo-Cornelio*, and *Houston-Sconiers*. At the resentencing hearing, the superior court will have the benefit of *Ali* and *Domingo-Cornelio* when considering whether to reduce Aranda's sentence for the other crimes based on his youthfulness at the time of the offenses.

Accordingly, this court grants Thomas Aranda's petition for relief and remands the case to the trial court for vacation of the conviction for unlawful possession of a controlled substance and resentencing in accordance with *Blake* and *Houston-Sconiers*. RAP 16.4(a).

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, J.

WE CONCUR:

Siddoway, A.C.J.                    Lawrence-Berrey, J.