177 P.3d 680 (2008)
STATE of Washington, Respondent,
v.
Terrance HALL, Appellant.
No. 78658-5.
Supreme Court of Washington, En Banc.
Argued September 25, 2007.
Decided January 31, 2008.
Melinda J. Young, James Morrissey, Whisman, Jeffrey C. Dernbach, King County Prosecutors Office, Seattle, WA, for Respondent.
Christine Anne Jackson, Attorney at Law, Kathryn Lund Ross, Seattle, WA, for Appellant.
*682 C. JOHNSON, J.
¶ 1 This case asks us to determine whether the State may, pursuant to CrR 7.8(b), move to vacate a criminal conviction against a defendant's objections and/or whether double jeopardy principles preclude the State from retrial without a defendant's consent.[1] More specifically, in this case, we are asked whether the State can retry a defendant where he has fully served his sentence. We hold under the facts of this case the State is precluded from retrying the defendant, and we reverse the trial court's order granting the State's motion to vacate appellant's original conviction and amend the information.

FACTS
¶ 2 In 1994, Terrence Hall was convicted of second degree felony murder. In 2002, this court held that felony murder charges cannot be based on assault as the predicate felony. In re Pers. Restraint of Andress, 147 Wash.2d 602, 56 P.3d 981 (2002). In December 2004, the department of corrections gave notice to all inmates who could be affected by our decisions in Andress and Hinton. In re Pers. Restraint of Hinton, 152 Wash.2d 853, 100 P.3d 801 (2004) (holding that personal restraint petitions vacating felony murder convictions under Andress are not subject to the one year statutory limit).
¶ 3 In response, although many inmates filed petitions to vacate their convictions, Hall did not. Hall was 69 years old, disabled, and nearing the end of his prison sentence. His early release date was June 2005, and his maximum release date was February 2007. He chose to serve the remainder of his term and did not take any action to set aside his conviction.
¶ 4 However, on January 27, 2006, the State filed a motion in superior court to vacate Hall's conviction and to file an amended information charging Hall with first degree manslaughter and first degree assault. In its motion, the State argued that the conviction was invalid under Andress and Hinton. The trial court granted, over Hall's objection, the motion to vacate the conviction and amend the information as to manslaughter, but it reserved ruling on whether the State could amend with the assault charge. Hall appealed directly to this court.[2]

ANALYSIS
¶ 5 Initially, we need to determine if the State may seek relief pursuant to the provisions of CrR 7.8. The rule allows the court to grant relief from a judgment if the judgment is void or for any other reason justifying relief from the operation of judgment.[3] The State argues that CrR 7.8(b) allows either party to move for relief from judgment. We agree the language of the rule does not restrict either party's ability to move for relief. Thus, the State generally has the authority to move to vacate a judgment under CrR 7.8(b).
¶ 6 However, while we find no limitation in the language of CrR 7.8(b) that precludes the State from seeking relief, this does not control the trial court's grant of the motion for relief in these circumstances. Hall opposed the State's motion to vacate and argues that granting the motion to vacate exposes him to retrial, which is barred by double jeopardy principles. The State *683 argues that the cases Hall relies upon in his arguments are inapplicable here. The State is correct that there are not any cases directly analogous to Hall's case and none that control the result in this case. Although this case is unique in its facts, the cases cited in Hall's briefs do demonstrate the basic principles of the constitutional protection against double jeopardy. We begin with the basic understanding that the constitutional protection against double jeopardy is an individual right which, as a general proposition, is invoked by the defendant seeking protection against retrial. See Oregon v. Kennedy, 456 U.S. 667, 681-82, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982) ("The Double Jeopardy Clause represents a constitutional policy of finality for the defendant's benefit in criminal proceedings." (Stevens, J., concurring)).
¶ 7 The Fifth Amendment to the United States Constitution guarantees, "[lo person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb." Article I, section 9 of the Washington Constitution states, "[n]o person shall . . . be twice put in jeopardy for the same offense." Both clauses have consistent analytical interpretations. State v. Gocken, 127 Wash.2d 95, 102-03, 896 P.2d 1267 (1995).
¶ 8 The double jeopardy clause bars retrial where jeopardy has previously attached, and has terminated, and the defendant is in jeopardy a second time for the same offense in fact and law. State v. Ervin, 158 Wash.2d 746, 752, 147 P.3d 567 (2006) (holding where a defendant successfully challenges a conviction on appeal jeopardy does not terminate). Jeopardy may be terminated by acquittal, final conviction, or in some circumstances, when the court dismisses the jury without the defendant's consent and dismissal is not in the interest of justice. Ervin, 158 Wash.2d at 752-53, 147 P.3d 567. Hall's conviction was final, and he had almost completed his full sentence for felony murder before that finality was brought into question by the State's motion. The State argues that double jeopardy protections should not bar retrial here because jeopardy did not terminate with Hall's felony murder conviction.
¶ 9 The State first asserts that Hall's reliance on cases of acquittal terminating jeopardy are inapplicable. It points out that the United States Supreme Court in United States v. Wilson, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), stated that the "first jeopardy continues until he is acquitted or his conviction becomes final." Wilson, 420 U.S. at 343 n. 11, 95 S.Ct. 1013 (holding that the government may appeal a postverdict ruling without violating double jeopardy where the appeal does not result in a new trial). It appears the State is arguing that Hall's conviction was not final once Andress and Hinton were decided, and thus jeopardy automatically continues, despite Hall's objection to the vacation of his conviction. Although Wilson is factually distinguishable from Hall's case in that Wilson was acquitted and the State appealed, here the State fails to recognize a basic principle from which the court drew its analysis. The double jeopardy clause is a protection for individuals from being subjected to multiple proceedings, regardless of the outcome of the second trial. The United States Supreme Court recognized the "development of the Double Jeopardy Clause from its common-law origins thus suggests that it was directed at the threat of multiple prosecutions, not at Government appeals, at least where those appeals would not require a new trial." Wilson, 420 U.S. at 341 n. 29, 95 S.Ct. 1013. The focus of this constitutional provision is on an individual's right to be free from an overreaching government.
¶ 10 The United. States Supreme Court has noted that where a defendant has been once convicted and punished for a particular crime, principles of fairness and finality require that he not be subjected to the possibility of further punishment by being again tried or sentenced for the same offense. Wilson, 420 U.S. at 343, 95 S.Ct. 1013. Society depends on our justice system to hold the guilty accountable while ensuring each individual subject to a criminal trial is treated fairly and justly. The double jeopardy clause is our expression of this right, a right belonging to every individual as a protection from the possibility of an overreaching government. The power to invoke this right is the defendant's, not the State's.
*684 ¶ 11 The State also points out that the amended information and retrial would probably not subject Hall to further punishment because he has already served his full sentence for the prior conviction.[4] The State seems to be arguing that because the ultimate legal consequences of a second trial would not result in further incarceration, the double jeopardy clause is not offended. However, the double jeopardy clause is cased in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict. Price v. Georgia, 398 U.S. 323, 331, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). It is the trial itself that is the focus of this protection, and because Hall has been through trial once, convicted, served his full sentence, and has not sought any relief, he is entitled to the finality due to him.
¶ 12 The State asserts that based on our statement in Hinton describing felony murder predicated on assault as a facially invalid crime, the prior conviction is void, and therefore, Hall must be recharged. Hinton, 152 Wash.2d at 857, 100 P.3d 801. The facial invalidity we noted in Hinton is only relevant to the one year statute of limitation for personal restraint petitions[5] but does not control determination of any other issues. Furthermore, the State's argument fails to take into account the fact that all Andress defendants have sought relief from their prior convictions before any action occurred. Each individual case seeking relief was subject to court review to determine if vacation from the prior conviction was the proper remedy. More importantly, in these cases, by seeking relief the defendants are in control of the continuation of jeopardy.
¶ 13 The State argues that if it is not permitted to seek relief and to amend the information charging Hall with manslaughter, Hall may attempt to vacate the conviction at some later time when the potential is greater that any remaining evidence would be difficult to obtain for retrial. This argument is, at best, premature. In order to evaluate what, if any, relief may be appropriate, each case must be examined under its own facts and circumstances. In each case, fairness and finality considerations for the defendant should be balanced with the government's administration of justice and its duty to hold the guilty accountable. In a situation where a defendant seeks to gain relief, our cases recognize that the double jeopardy clause does not impose limitations on the power of the State to retry defendants who have succeeded in getting their convictions set aside. See Ervin, 158 Wash.2d at 758, 147 P.3d 567. If a defendant were to allow substantial time to pass before asking for relief from a judgment, the need to ensure criminal accountability may outweigh the defendant's desire to vacate his conviction in that instance. Arguments can be raised in the event this situation arises but are not necessary to address here.[6]
¶ 14 The State finally argues that filing an amended information does not violate the double jeopardy clause because the ends of justice would be otherwise defeated, as stated in CrR 4.3.1(b)(3).[7] However, the ends of justice exception applies only where analysis of the mandatory joinder rule is required. We do not need to reach the applicability of *685 this rule here. The State analogizes to State v. Ramos, 124 Wash.App. 334, 101 P.3d 872 (2004), review granted, (No. 77347-5, argued Sept. 25, 2007), a consolidated case inapplicable to Hall's case because in Ramos the defendants moved to vacate their own convictions on appeal, thus voluntarily continuing jeopardy. Ramos, 124 Wash.App. at 337, 101 P.3d 872; see also United States v. Scott, 437 U.S. 82, 99, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978) (the double jeopardy clause will not relieve defendants of the consequences of their voluntary choice).
¶ 15 Hall argues that his retrial is barred by double jeopardy principles and jeopardy can only be prolonged by a defendant's voluntary choice after final judgment. Hall compares his situation to cases where the State has appealed from an acquittal or moved for a mistrial without the defendant's consent. Wilson, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232; Arizona v. Washington, 434 U.S. 497, 506, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978); State v. Corrado, 94 Wash.App. 228, 972 P.2d 515 (1999) (stating that although a judgment may be a nullity, for double jeopardy purposes the proceedings are not).
¶ 16 Where a motion for mistrial is made without the defendant's consent the prosecutor must demonstrate manifest necessity in order to retry the defendant. Retrial is only necessary under this standard where, taking all of the circumstances into consideration, there is a high degree of manifest necessity to avoid defeating the ends of public justice. Arizona, 434 U.S. at 506, 98 S.Ct. 824. The Court in Arizona recognized the defendant's valued right to be protected from double jeopardy brought on by the Government.
¶ 17 The double jeopardy clause was enacted for the purpose of protecting individuals against acts of governmental oppression. When a defendant successfully challenges a conviction and is subject to a new trial, the continuing jeopardy is not brought on by the government. Scott, 437 U.S. at 91, 98 S.Ct. 2187. However, where the State brings the motion a different analysis is required.
¶ 18 We have recognized the importance of the defendant's consent in continuing jeopardy. In State v. Jones, 97 Wash.2d 159, 163, 641 P.2d 708 (1982), we held that retrial is barred where a mistrial is declared without the defendant's consent unless the discharge was necessary in the interest of the proper administration of justice. The proper administration of justice is analogous to the United States Supreme Court's manifest necessity analysis. Under both standards, the trial court has the duty to balance the government's need for retrial in administering justice and the defendant's valued constitutional right to have the first trial be his last. See Arizona, 434 U.S. at 503-05, 98 S.Ct. 824 (balancing defendant's interest in having his guilt decided in one proceeding with society's interest in affording the prosecutor one full and fair opportunity to present his evidence at trial).
¶ 19 Although a mistrial in this case was not declared, the same basic double jeopardy principles apply where an individual is threatened with a second trial without his own voluntary act continuing jeopardy. The determination of whether there is manifest necessity to retry Hall, without Hall's consent, should control whether jeopardy continues and retrial is constitutional. Hall's individual interests and constitutional protections must be balanced with society's interest in recharging Hall with another offense to ensure the ends of justice are met. Hall's individual right to be free from continuing jeopardy imposed by the government weighs heavily in his favor.
¶ 20 The circumstances in this case are very unique; almost all other defendants who were held or tried at the time Andress was decided voluntarily moved to vacate their convictions. Fairness and justice dictate that an individual who has served his sentence, and is not seeking any relief other than that imposed in the original action, should not be retried by the State for the same offense. We conclude the trial court erred in granting the State's motion in this case. We reverse the order granting the State's motion to vacate the original conviction and file the amended information.
WE CONCUR: Chief Justice GERRY L. ALEXANDER, Justice SUSAN OWENS, *686 Justice MARY E. FAIRHURST, Justice BARBARA A. MADSEN, Justice RICHARD B. SANDERS, Justice TOM CHAMBERS, Justice JAMES M. JOHNSON, BOBBE J. BRIDGE, Justice Pro Tern.
NOTES
[1] Terrance Hall further raises questions as to whether the jury impliedly acquitted the defendant of intentional murder and manslaughter, whether mandatory joinder principles bar retrial, and whether the statute of limitations applies to manslaughter charges. Given our resolution of this case, we need not address these arguments.
[2] The State filed a motion September 6, 2007 to supplement the record with a transcript of the bail hearing held on August 13, 2007. At the bail hearing, Hall's bail was reduced from $500,000 to $10,000, but both parties expressed doubt that bail could be met even at the reduced amount. The motion to supplement the record is granted.
[3] CrR 7.8(b) provides, "[o]n motion and upon such terms as are just, the court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) Mistakes, inadvertence, surprise, excusable neglect or irregularity in obtaining a judgment or order; (2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 7.5; (3) Fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) The judgment is void; or (5) Any other reason justifying relief from the operation of judgment."
[4] Manslaughter in the first degree was a class B felony in 1993, which carries a maximum of 10 years. See Br. of Resp't at 24 n. 11. Hall has served more than 13 years for his felony murder conviction.
[5] A personal restraint petition is required to be filed within one year of final judgment and sentencing unless a petitioner proves that the judgment is facially invalid or the issuing court lacked jurisdiction. RCW 10.73.090(1).
[6] We suspect the State has recognized this balancing of interests by providing notice to all incarcerated Andress defendants, allowing them the opportunity to move to vacate their convictions.
[7] "A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense, unless a motion for consolidation of these offenses was previously denied or the right of consolidation was waived as provided in this rule. The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted." CrR 4.3.1(b)(3)