188 P.3d 540 (2008)
STATE of Washington, Respondent,
v.
Charles Ray WALTERS, Appellant.
No. 37336-0-II.
Court of Appeals of Washington, Division 2.
July 22, 2008.
*541 Sheryl Gordon McCloud, Law Offices of Sheryl Gordon McCloud, Seattle, WA, for Appellant.
John Martin Neeb, Attorney at Law, Tacoma, WA, for Respondent.
*542 HUNT, J.
¶ 1 Charles Walters appeals the trial court's grant of the State's motion to vacate his second degree, felony murder, guilty plea conviction and to reinstate the original first degree murder charge, 11 years after he completed his sentence and obtained a court order of discharge. He argues that reinstating the first degree murder charge placed him in double jeopardy in violation of the Washington and United States Constitutions. We agree, reverse, and order reinstatement of Walters' original conviction and sentence.

FACTS

I. Background

A. Guilty Plea Conviction
¶ 2 On June 5, 1988, 18-year-old Charles Walters hit Michael Coon with his car, tragically inflicting massive, eventually fatal injuries. The State charged Walters with first degree murder.
¶ 3 After negotiating with the State, Walters pleaded guilty to a reduced charge of second degree felony murder based on the underlying felony of assault. The trial court found that Walters had
committed the act . . . in a period of blowup . . . [and has] no prior record of violence, no prior convictions, has an outstanding history as a young person, student and contributed to others. He has a bright future. He has support in the community.
Report of Proceedings (Feb. 21, 1989) (RP) at 2-3. The trial court imposed an exceptionally low sentence of five years and one-month confinement. Walters never appealed or collaterally challenged his conviction or his sentence.

B. Completion of Sentence, Discharge, Restoration of Civil Rights, and Return to Society
¶ 4 While in prison, Walters completed chemical dependency and anger management programs and earned his Associate of Arts degree in technical arts and a certification in drafting. On January 4, 1996, Walters finished serving his sentence, received certification that he had completed all sentencing requirements, and obtained an order of discharge from the court under RCW 9.94A.220, restoring his civil rights.
¶ 5 Following his release, Walters completed his education, obtained a Bachelors Degree in computer science, married, and became gainfully employed in the software technology sector.[1]

II. Andress and Hinton

¶ 6 Six years later, in 2002, the Washington Supreme Court held, that a second degree felony murder conviction could not be based on the underlying crime of second degree assault. In re Personal Restraint of Andress, 147 Wash.2d 602, 615-16, 56 P.3d 981 (2002). Two years later, in In re Personal Restraint of Hinton, 152 Wash.2d 853, 100 P.3d 801 (2004), the court extended Andress, declaring that second degree felony murder predicated on assault was a "nonexistent crime."[2] 152 Wash.2d at 857, 100 P.3d 801.
¶ 7 In 2006, Walters contacted the State to negotiate relief in light of the Andress and Hinton decisions. These negotiations were unsuccessful.

III. Vacation of Felony Murder Conviction on State's Motion
¶ 8 On June 4, 2007, the State moved (1) to vacate Walters' second degree felony murder conviction predicated on assault, as a "nonexistent crime" under Hinton; and (2) to reinstate the original charge of (non-felony) first degree murder. Walters opposed the motion, arguing that because he had never challenged his second degree felony-murder conviction, the State could not recharge and *543 retry him without placing him in double jeopardy.
¶ 9 Based on Andress and Hinton, the trial court (1) vacated Walters' second degree felony murder conviction; (2) withdrew Walters' 1988 guilty plea; (3) granted the State's motion to withdraw the amended information charging Walters with' second degree felony murder; and (4) reinstated the original information charging Walters with first degree murder. Walters appeals.[3]

ANALYSIS
¶ 10 Walters argues that (1) because he completed the sentence for his second degree felony murder conviction without ever having challenged his conviction, jeopardy terminated; and (2) the State could not seek to set aside this second degree murder conviction and reinstate the original first degree murder charge without violating double jeopardy principles.[4]
¶ 11 We review de novo claims of manifest constitutional error. State v. Bradshaw, 152 Wash.2d 528, 531, 98 P.3d 1190 (2004) (citing City of Redmond v. Moore, 151 Wash.2d 664, 668, 91 P.3d 875 (2004)). We agree with Walters that the trial court's grant of the State's motion unconstitutionally subjected him to double jeopardy. We further note; however, that when the trial court granted the State's motion, the Supreme Court had not yet issued its decision in State v. Hall, 162 Wash.2d 901, 177 P.3d 680 (2008), which we now find controlling.

I. Double Jeopardy Principles
¶ 12 The Fifth Amendment to the United States Constitution provides that "[n]o person shall be . . . subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Similarly, the Washington Constitution does not allow a person to "be twice put in jeopardy for the same offense." Wash. Const. art. I § 9. Both federal and state double jeopardy clauses are "identical in thought, substance, and purpose." State v. Ervin, 158 Wash.2d 746, 752, 147 P.3d 567 (2006) (quoting In re Personal Restraint of Davis, 142 Wash.2d 165, 171, 12 P.3d 603 (2000)).
[T]he constitutional protection against double jeopardy is an individual right which, as a general proposition, is invoked by the defendant seeking protection against retrial. See Oregon v. Kennedy, 456 U.S. 667, 681-82, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982) ("The Double jeopardy Clause represents a constitutional policy of finality for the defendant's benefit in criminal proceedings." (Stevens, J., concurring)).
Hall, 162 Wash.2d at 906, 177 P.3d 680 (emphasis added).

II. Double Jeopardy Application
¶ 13 The double jeopardy clause applies when "(1) jeopardy has previously attached, (2) that [previous] jeopardy has terminated, and (3) the defendant is in jeopardy a second time for the same offense in fact and law." Ervin, 158 Wash.2d at 752, 147 P.3d 567. If all three elements are present, the double jeopardy clause bars the State from retrying the defendant. Ervin, 158 Wash.2d at 752, 147 P.3d 567. Such is the case here.

A. Hall

¶ 14 The State contends that because second degree felony murder based on assault is a "nonexistent crime" under Hinton, jeopardy did not attach when, in 1988, Walters pled guilty and was sentenced for this conviction. The State further contends that, for continuing jeopardy purposes, there is no distinction as to which party raises the issue of a void conviction based on a nonexistent crime. These inter-related arguments fail.
¶ 15 Our Supreme Court recently addressed this issue in Hall, a case remarkably *544 similar to Walters'.[5] Like Walters, Hall did not petition to vacate his second degree felony murder conviction, predicated on assault, under Andress and Hinton. Instead, Hall, who was 69 years old and disabled, chose to serve out his sentence, which had a release date between June 2005 and February 2007. Hall, 162 Wash.2d at 904-05, 177 P.3d 680. But in 2006, over Hall's objection, the trial court granted the State's motion to vacate his second degree felony murder conviction, as invalid under Andress and Hinton, and to recharge him with first degree manslaughter. Hall, 162 Wash.2d at 905, 177 P.3d 680.
¶ 16 Hall argued that the State's attempt to retry him for the same criminal act, for which he had already been convicted and sentenced, violated double jeopardy principles. Hall, 162 Wash.2d at 910, 177 P.3d 680. Rejecting the State's argument that Hall was unlikely to serve additional time if retried, our Supreme Court agreed with Hall:
[T]he double jeopardy clause is cased in terms of the risk or hazard of trial and conviction, not of the ultimate legal consequences of the verdict. Price v. Georgia, 398 U.S. 323, 331, 90 S.Ct. 1757, 26 L.Ed.2d 300 (1970). It is the trial itself that is the focus of this protection, and because Hall has been through trial once, convicted, served his full sentence, and has not sought any relief, he is entitled to the finality due to him.

Hall, 162 Wash.2d at 908, 177 P.3d 680 (emphasis added).

B. "Termination" versus "Continuation" of Jeopardy
¶ 17 Conviction of the charged crime unequivocally terminates jeopardy; nonetheless, a defendant may prolong jeopardy by challenging the conviction, thereby waiving double jeopardy protections. Ervin, 158 Wash.2d at 757, 147 P.3d 567 (citing Arizona v. Washington, 434 U.S. 497, 503, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978)); United States v. Scott, 437 U.S. 82, 99, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). Such is not, however, the case here.
¶ 18 Walters never appealed or collaterally challenged his second degree murder conviction or sentence. On the contrary, he served his sentence, was discharged from the Department of Corrections, had his civil rights restored, and became a contributing member of society more than 11 years before the State sought to vacate his discharged conviction and to reinstate the original first degree murder charge. Thus, under Ervin, (1) Walters did not prolong jeopardy or waive his double jeopardy protections, and (2) jeopardy on his second degree felony murder conviction terminated. Although nothing could ever mitigate Coon family's tragic loss, under the law, Walters had paid his dues to society for his crime: He had no more time to serve, no more requirements to meet, and had his civil rights restored.

III. Retrial Barred; No "Manifest Necessity"
¶ 19 It is well settled that a defendant waives double jeopardy protections by challenging a conviction. But a different standard applies when it is the State that challenges a conviction, especially where, as here, the defendant not only did not challenge his conviction but also had already served his sentence and been discharged by the court. Hall, 162 Wash.2d at 911, 177 P.3d 680.

A. Recharging with Facially Valid Crime
¶ 20 The Supreme Court recently rejected the State's similar argument that a defendant must be recharged with a "valid" crime where, under Hinton, second degree felony murder predicated on assault was a "facially invalid crime" and, therefore, the resultant conviction was "void." Hall, 162 Wash.2d at 908-09, 177 P.3d 680. The Hall court explained: "The facial invalidity we noted in Hinton is only relevant to the one year statute of limitation for personal restraint petitions but does not control determination of *545 any other issues."[6]Hall, 162 Wash.2d at 908, 177 P.3d 680 (footnote omitted). The Hall court reversed the trial court's ruling allowing the State to file new manslaughter charges after Hall had opposed the State's motion to set aside his second degree felony murder conviction and serve the remaining portion of his sentence.[7]

B. Retrial Over Defendant's Objection
¶ 21 Where the State attempts to retry a defendant over his objection,
The determination of whether there is manifest necessity to retry [the defendant], without [his] consent, should control whether jeopardy continues and retrial is constitutional. [The defendant's] individual interests and constitutional protections must be balanced with society's interest in recharging [the defendant] with another offense to ensure the ends of justice are met. [The defendant's] individual right to be free from continuing jeopardy imposed by the government weighs heavily in his favor.
Fairness and justice dictate that an individual who has served his sentence, and is not seeking any relief other than that imposed in the original action, should not be retried by the State for the same offense.
Hall, 162 Wash.2d at 911, 177 P.3d 680 (emphasis added).
¶ 22 As our Supreme Court recently elaborated, Andress and Hinton rendered convictions for second degree felony murder predicated on assault merely "voidable" by the defendant, not automatically "void," as the State contends here. Thus, double jeopardy barred retrying Hall absent "manifest necessity." Hall, 162 Wash.2d at 911, 177 P.3d 680 (emphasis added). Concluding that the State had failed to show any manifest necessity to retry Hall over his objection, the court reversed the State-initiated vacation of Hall's conviction. Hall, 162 Wash.2d at 911, 177 P.3d 680.
¶ 23 Similarly here, the State fails to show a manifest necessity to recharge Walters: Walters pled guilty, served his entire sentence, met all requirements, was discharged by the superior court, and was granted reinstatement of his civil rights. Again, Walters did not elect to set aside his conviction; rather, it was the State that requested and was granted its motion to set aside his guilty plea conviction. Under Hall, double jeopardy bars the State from recharging and retrying Walters for first degree murder for the same criminal act for which he has already satisfied his debt to society under the law.[8]

C. Summary
¶ 24 We hold that double jeopardy principles bar the State from retrying Walters for Coon's death because (1) jeopardy attached when the State amended its charge and Walters pled guilty to second degree felony murder; (2) jeopardy terminated when he successfully completed his sentence and the court discharged it, without his having challenged his conviction; and (3) the State recharged him with first degree murder for the same criminal act, in law and fact, as the act for which it had originally charged him by amended information and to which he had pled guilty many years earlier, namely Coon's death. See Ervin, 158 Wash.2d at 752, 147 P.3d 567 (citing State v. Corrado, 81 Wash.App. 640, 645, 915 P.2d 1121 (1996), review denied. 138 Wash.2d 1011, 989 P.2d 1138 (1999)).
¶ 25 Accordingly, we reverse the trial court's grant of the State's motion, over Walters' objection, (1) to vacate Walters' conviction for second degree felony murder; (2) to withdraw Walters' guilty plea; (3) to withdrew *546 draw the State's amended information charging second degree murder predicated on felony assault; and (4) to reinstate the original charge of first degree murder.

IV. Walters' Request To Leave Intact Withdrawal of Conviction
¶ 26 At the end of his Brief of Appellant and at oral argument, Walters asked us, not only to "reverse the superior Court's decision allowing reinstatement of first-degree murder charges," but also to "remand with instructions to dismiss the Information." Br. of App. at 27. He argues that (1) he appealed only the refiling of the information charging first degree murder; (2) neither he nor the State appealed the trial court's order vacating the guilty plea and conviction; and (3) therefore, we can reverse only the trial court order granting the State's motion to refile the original information. We reject this argument.
¶ 27 The trial court's acceptance of Walters' plea of guilty to a reduced charge of second degree felony murder and its imposition of an exceptional below-standard range sentence were part of a unitary plea bargain between Walters and the State. This plea bargain took into account Walters' youth, positive school and community record, lack of criminal record, and the victim's contributing circumstances.
¶ 28 Similarly, the trial court vacated Walters' conviction, withdrew his guilty plea, and allowed the State to refile the original first degree murder charges in a single, integrated order titled "Order Vacating Conviction and Withdrawing Plea of Guilty." Walters cannot challenge only a portion of this integrated order on appeal. Nor can he seek to use his guilty plea based conviction for second degree felony murder to bar retrial on the original first degree murder charge while simultaneously maintaining that this previous conviction remains vacated by the trial court on the State's motion
¶ 29 Accordingly, we reverse the trial court's "Order Vacating Conviction and Withdrawing Plea of Guilty" and put the parties back in their previous positions: Walters has completed and been released from his conviction and sentence for second degree felony murder. Double jeopardy principles bar the State's challenge to that conviction and seeking reinstatement of the original first degree murder charge over Walters' objection. Reversing the trial court's vacation of Walters' guilty plea conviction and judgment and sentence for second degree felony murder, we remand to the trial court to reinstate Walters' original guilty-plea-based, second degree, felony murder conviction and sentence.
We concur: VAN DEREN, C.J., and PENOYAR, J.
NOTES
[1] Walters also has an 18-year-old daughter and a 10-year-old stepdaughter. He submitted numerous letters of support from friends, family, and colleagues at both the original sentencing in 1989 and in 2006 after the State successfully moved to vacate his guilty plea.
[2] The court vacated the consolidated petitioners' second degree felony (assault) murder convictions and remanded their cases to their respective trial courts for "lawful proceedings consistent with Andress and [the] decision here." Hinton, 152 Wash.2d at 861, 100 P.3d 801.
[3] A defendant opposing the filing of charges on double jeopardy grounds has a right to direct appeal without first having to face trial. Abney v. United States, 431 U.S. 651, 662, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Therefore, the superior court proceedings are stayed pending resolution of this appeal.
[4] The State counters that Andress and Hinton rendered Walters' felony murder conviction void and, thus, the trial court had a duty to vacate his guilty plea conviction as invalid. We disagree.
[5] See also the Washington Supreme Court's even more recent decision in State v. Schwab, ___ Wash.2d ___, ___, 185 P.3d at 1155-56 (2008). Under somewhat similar circumstances, the court held that, in spite of Andress and Hinton, Division One of this court did not place Schwab in double jeopardy when it properly reinstated his original felony-murder (based on assault) charges in order to best serve the interests of justice.
[6] The Hall court also rejected as "premature" the State's argument that if it could not amend the information to charge an existing crime, then Hall might "attempt to vacate the conviction at some later time when the potential is greater that any remaining evidence would be difficult to obtain for retrial." Hall. 162 Wash.2d at 909, 177 P.3d 680.
[7] Although we similarly reverse here, we do not in any way fault the trial court, which ruled according the law as it appeared at the time, before the Supreme Court issued its Andress and Hinton-limiting decision in Hall.
[8] Again, in so ruling, we do not intend in any way to minimize the Coon's family's tragic loss. Rather, we apply and follow the law as it pertains to the case before us.