JOHNSON, J.
¶ 1 In this case we are asked to decide (1) whether a sentencing court may go behind the judgment and sentence and engage in statutory interpretation to determine the facial validity of a prior conviction for current sentencing purposes and (2) whether a snowmobile is a "motor vehicle" for purposes of RCW 9A.56.065. We conclude that the defendant must allege a constitutional defect on the face of a prior conviction to challenge that conviction's validity for purposes of offender *939 score calculation in an otherwise unrelated proceeding. The trial court declined Blair's invitation to engage in statutory construction here and counted two prior convictions for taking a motor vehicle. The Court of Appeals agreed with the trial court, and we affirm.[1]
FACTS AND PROCEDURAL HISTORY
¶ 2 The State charged Christopher Blair in Spokane County Superior Court with one count of theft of a motor vehicle, a Ford truck, that Blair purportedly stole on or about October 28, 2011. Pursuant to that charge, he entered a drug court personal recovery program. Blair was terminated from the program on September 8, 2015. According to the record, Blair has five prior felony convictions in Washington, including second degree theft, second degree burglary, possession of a stolen vehicle, and two counts of theft of a motor vehicle at issue here. At sentencing, Blair argued for a "downward departure [from] the standard range" sought by the State and requested an exceptional sentence. Clerk's Papers (CP) at 40; see Verbatim Report of Proceedings (VRP) at 25. Blair argued that although he had pleaded guilty to two counts of theft of a motor vehicle, both of those vehicles were snowmobiles, and therefore not "motor vehicles" for purposes of RCW 9A.56.065. Blair asserted that his plea to the two counts was facially invalid.
¶ 3 In his briefing to the sentencing court, Blair requested to be "sentenced as if those were not motor vehicle convictions, which would result in a standard range of 17-22 months." CP at 40. At the sentencing hearing, Blair asserted that the correct standard sentencing range should be "22 to 29 months," based on an offender score of "seven." VRP at 28.
¶ 4 The State argued that Blair's offender score should be "nine" and the standard range should be "43 to 57 months." VRP at 24. The State opposed Blair's request for an exceptional sentence, arguing that for the sentencing court to "review another superior court judge's decision and be an appellate review court for that" would be inappropriate. VRP at 28; see CP at 58-61. The sentencing judge agreed with the State, reasoning as follows:
What I'm being asked to do today is not just look at the documents that were filed at the time of the plea and sentencing but to actually make a determination that one of the elements alleged is missing, that it was not in fact a motor vehicle.
I think that goes way beyond whether you could get that from just looking at the documents themselves on their face. And I think it may be an excellent argument for a restraint petition or some other venue, but I don't think it supports my going forward with an exceptional sentence today.
VRP at 31. At the sentencing hearing, the State announced that Blair requested to be sentenced under the drug offender sentencing alternative (DOSA) and that the State "[was] in agreement with that." VRP at 31. The calculation was based on "[h]alf the midpoint of a standard range on [Blair's] charge." VRP at 31. The court accepted the recommendation and sentenced Blair to 25 months in custody and 25 months of community custody.
¶ 5 The Court of Appeals in an unpublished opinion affirmed. It noted that Blair challenged his offender score calculation seeking an exceptional sentence, and that "[v]iewed as an unsuccessful exceptional sentence request, Mr. Blair's appeal would necessarily fail." State v. Blair, No. 33911-4-III, slip op. at 3, 2016 WL 7015858 (Wash. Ct. App. Dec. 1, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/339114_unp.pdf. The Court of Appeals nevertheless relied on the "common law 'sentencing error' exception to RAP 2.5(a)" to reach Blair's facial invalidity claim. Blair, slip op. at 3. It then rejected Blair's facial invalidity argument, reasoning that "whether [ RCW 9A.56.065 ] applies to snowmobiles would require more than a simple look at the judgment and sentence and associated documents" and would instead require *940 the sentencing court to engage in "construing a statute." Blair, slip op. at 5. The Court of Appeals did not reach the issue of whether snowmobiles were motor vehicles for purposes of RCW 9A.56.065.
ANALYSIS
¶ 6 Generally, the length of a criminal sentence imposed by a superior court is not subject to appellate review if the punishment falls within the correct standard sentencing range. RCW 9.94A.585(1) ; State v. Williams, 149 Wash.2d 143, 146, 65 P.3d 1214 (2003). And "[a]n appellate court will reverse a sentencing court's decision only if it finds a clear abuse of discretion or misapplication of the law." State v. Porter, 133 Wash.2d 177, 181, 942 P.2d 974 (1997) ; accord State v. Aldana Graciano, 176 Wash.2d 531, 537, 295 P.3d 219 (2013). It is error for the sentencing court to refuse " 'categorically to impose an exceptional sentence below the standard range under any circumstances' " or to "operate[ ] under the 'mistaken belief that it did not have the discretion to impose a mitigated exceptional sentence for which [a defendant] may have been eligible.' " State v . McFarland, 189 Wash.2d 47, 56, 399 P.3d 1106 (2017) (second alteration in original) (quoting State v . Garcia-Martinez, 88 Wash. App. 322, 330, 944 P.2d 1104 (1997) ; In re Pers. Restraint of Mulholland, 161 Wash.2d 322, 333, 166 P.3d 677 (2007) ).
¶ 7 Blair sought an exceptional sentence under RCW 9.94A.535(1). At the sentencing hearing, Blair appeared to agree with the State's calculation of the offender score as nine and the standard range as 43 to 57 months. Yet, Blair also argued that "the way [Blair's convictions are] counted is not correct and ... the correct range would be 22 to 29 months." VRP at 28 (emphasis added). The Court of Appeals concluded that RAP 2.5 generally precluded Blair from challenging the offender score calculation. It reasoned, however, that because Blair at one point explicitly challenged the correctness of the offender score calculation and the standard range calculation, "the common law 'sentencing error' exception" to RAP 2.5(a) applied, citing State v . Blazina, 182 Wash.2d 827, 344 P.3d 680 (2015), and State v. Ford, 137 Wash.2d 472, 973 P.2d 452 (1999). Blair, slip op. at 3.
¶ 8 Unlike the Court of Appeals, neither the State nor Blair addresses this issue in their briefing to us.[2] Blair's briefing in the trial court[3] as well as his arguments at sentencing indicate that he raised the issue of facial invalidity of his two prior theft of a motor vehicle (TMV) convictions for purposes of the offender score calculation and that the strictures of RAP 2.5(a) are therefore not directly applicable. Unlike Blazina, where the defendant never objected to the sentencing condition, and Ford, where the defendant never objected to the classification of his prior offenses as felonies, Blair objected at sentencing to the use of the two prior convictions at issue on the grounds of facial invalidity. Blair's facial invalidity argument is therefore properly before this court.
¶ 9 As we have previously stated, "It is well settled that the State is not required to prove the constitutional validity of prior convictions used to calculate a defendant's offender score on a current conviction." State v . Irish, 173 Wash.2d 787, 789, 272 P.3d 207 (2012) (citing State v . Ammons, 105 Wash.2d 175, 187-88, 713 P.2d 719, 718 P.2d 796 (1986) ). The concept of facial invalidity has been most thoroughly examined in In re Personal Restraint of Coats .[4] In Coats, we said that "we have found errors rendering a judgment [facially] invalid under RCW 10.73.090 only where a court has in fact exceeded its statutory authority in entering the judgment or sentence." Coats, 173 Wash.2d at 135, 267 P.3d 324 (emphasis added). That includes collateral attacks on convictions for nonexistent crimes.
*941 In re Pers. Restraint of Hinton, 152 Wash.2d 853, 857, 100 P.3d 801 (2004).
¶ 10 Blair argues that the facial invalidity standard should be the same standard applied to personal restraint petitions (PRPs), and that we should conclude that the sentencing court may look at "related law and documents associated with plea agreements" and engage in "some degree of statutory interpretation." Suppl. Br. of Pet'r at 9, 11. Conversely, the State argues that where we are reviewing a challenge to a prior conviction at sentencing, Ammons and Irish should control and facial constitutional invalidity must be alleged. Suppl. Br. of Resp't at 7, 11. The State argues that for a sentencing court to engage in statutory interpretation at the sentencing hearing would unduly burden that court and result in minitrials focused on the prior criminal history, undercut the finality of long-settled judgments, and impede consistency in how prior convictions are treated. The Court of Appeals similarly reasoned that the question of whether the TMV statute "applies to snowmobiles would require more than a simple look at the judgment and sentence and associated documents" and would "require construing a statute," contrary to Ammons . Blair, slip op. at 5.
¶ 11 Whereas in Irish and in Ammons the challenge was to the constitutional validity of the prior sentences, here, Blair challenges his two prior convictions as convictions for "non-existent crimes." Suppl. Br. of Pet'r at 2. At oral argument before this court, counsel for petitioner analogized Blair's charges to being charged with possession of a controlled substance, arguing that if the controlled substance at issue were a bottle of Aquafina water, a charge with a nonexistent crime would result. Wash. Supreme Court oral argument, State v . Blair, No. 93995-1 (May 8, 2018), at 39 min., 5 sec., video recording by TVW, Washington State's Public Affairs Network, http://www.tvw.org. But the flawed nature of this analogy is quite apparent from the fact that the act of possession in and of itself is not criminal; the same cannot be said of theft. The issue, therefore, is not whether Blair was previously charged with and convicted of a nonexistent crime, but rather whether RCW 9A.56.065[5] applies, or whether Blair should have been charged with and convicted of theft under a different statute.
¶ 12 Blair relies on cases dealing with PRPs, primarily Hinton, Coats, and In re Personal Restraint of Thompson .[6] This line of cases is inappropriate given the procedural nature of the claim here. In regard to Hinton, we have explicitly stated that "[t]he facial invalidity we noted [there] is relevant only to the one year statute of limitation for personal restraint petitions but does not control determination of any other issues." State v . Hall, 162 Wash.2d 901, 908, 177 P.3d 680 (2008) (footnote omitted). In Coats, we prefaced our discussion of facial invalidity by stating that "[a]mong the peculiar characteristics of personal restraint petitions is the fact that they may be, and usually are, considered first by appellate courts, not by trial courts." Coats, 173 Wash.2d at 132, 267 P.3d 324. And in Thompson, the issue we addressed was whether "pursuant to RCW 10.73.090 the judgment and sentence was valid on its face." Thompson, 141 Wash.2d at 718, 10 P.3d 380. In In re Personal Restraint of Stoudmire , examined by both Coats and Thompson, we also said that "[a]lthough this court has not discussed what 'validity on its face' means in terms of the time limit in RCW 10.73.090, it has spoken in [Ammons ] to what it means for a prior conviction to be constitutionally invalid on its face in a sentencing proceeding," thereby drawing a clear procedural distinction. 141 Wash.2d 342, 353, 5 P.3d 1240 (2000).
¶ 13 The State argues, and we agree, that this distinction requires a defendant challenging the use of a prior conviction at sentencing to show constitutional facial invalidity, as Ammons and Irish would suggest. In a collateral attack, on the other hand, facial invalidity may be statutory, constitutional, or jurisdictional. See Coats, 173 Wash.2d at 135-42, 267 P.3d 324 (discussing *942 what makes a sentence invalid and the meaning of facial invalidity separately). Irish and Ammons support our reasoning here. In Irish, we stated that
a criminal defendant generally has no right to contest the validity of a previous conviction in connection with a current sentencing. Ammons, 105 Wn.2d at 188 [713 P.2d 719, 718 P.2d 796]. Requiring the State to make such a showing, or allowing the defendant to assert such a challenge, would turn the current sentencing proceeding into an appellate review of all of the defendant's prior convictions. Id. Consequently, a defendant seeking to challenge the validity of a prior conviction must exhaust established postconviction avenues of relief, such as a personal restraint petition.
Irish, 173 Wash.2d at 789-90, 272 P.3d 207. We have also expressed our concern about creating minitrials over prior convictions in State v. Wiley , 124 Wash.2d 679, 686, 880 P.2d 983 (1994), State v. Jordan , 180 Wash.2d 456, 466, 325 P.3d 181 (2014), and Ammons, 105 Wash.2d at 187-88, 713 P.2d 719, 718 P.2d 796. In Ammons, we stated that
a prior conviction which has been previously determined to have been unconstitutionally obtained or which is constitutionally invalid on its face may not be considered. Constitutionally invalid on its face means a conviction which without further elaboration evidences infirmities of a constitutional magnitude.
To require the State to prove the constitutional validity of prior convictions before they could be used would turn the sentencing proceeding into an appellate review of all prior convictions. The defendant has no right to contest a prior conviction at a subsequent sentencing. To allow an attack at that point would unduly and unjustifiably overburden the sentencing court. The defendant has available, more appropriate arenas for the determination of the constitutional validity of a prior conviction.
Ammons, 105 Wash.2d at 187-88, 713 P.2d 719, 718 P.2d 796 (emphasis added).
¶ 14 We further note that for purposes of determining the validity by a sentencing court of a prior conviction, that court is generally limited to looking at the face of the documents that were filed at the time of the plea and sentencing.[7] It is true that in Coats we said that "we have not limited our review to the four corners of the judgment and sentence," and that "we have considered only documents that reveal some fact that shows the judgment and sentence is invalid on its face because of legal error." Coats, 173 Wash.2d at 138-39, 267 P.3d 324 (emphasis added). But we have never held that the same considerations that apply when deciding a PRP apply when a sentencing court is presented with a challenge to a prior conviction, as is evident from the language in Stoudmire, quoted supra.
¶ 15 Blair argues that "as a matter of common sense, some degree of statutory interpretation is always necessary to determine whether charged conduct constitutes a crime."[8] Suppl. Br. of Pet'r at 11. While this makes some sense, the effect of accepting this approach would be to open up sentencing procedures to allow collateral attacks on facially valid prior convictions, a result our cases have rejected. The issue of whether theft of snowmobiles involves theft of motor vehicles under the statute does not raise a constitutional issue, and there is nothing constitutionally invalid about a conviction for theft of a motor vehicle as RCW 9A.56.065(1) provides.
CONCLUSION
¶ 16 We affirm.
WE CONCUR:
Fairhurst, C.J.
Owens, J.
Wiggins, J.
González, J.
Yu, J.

Because we affirm the Court of Appeals on procedural grounds, we do not reach the second issue presented.

While it is unclear from the briefing he filed with this court, Blair's argument appears to be that half the midpoint of a standard range that Blair sought to be used to calculate his requested DOSA sentence would have resulted in a 12 and ¾ months sentence. See RCW 9.94A.662.

See CP at 39 (Pet'r's Sentencing Br. (arguing that "[t]he plea to the snowmobile charges, as motor vehicles, is invalid on its face") ).

173 Wash.2d 123, 267 P.3d 324 (2011).

The statute, unhelpfully, reads, in relevant part, "A person is guilty of theft of a motor vehicle if he or she commits theft of a motor vehicle." RCW 9A.56.065(1).

141 Wash.2d 712, 10 P.3d 380 (2000).

Here, Blair has not provided any plea statement forms but only the information filed in conjunction with the snowmobile charges and the corresponding felony judgment and sentence.

For this proposition, Blair cites to Thompson, where this court, and not the sentencing court, considered the date the statutory offense in question was enacted.