# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 59046-8-II |
| Respondent, | |
| v. | |
| JOSE RICO COLON, | PUBLISHED OPINION |
| Appellant. | |

VELJACIC, A.C.J. — Jose Rico Colon appeals his sentence for felony violation of a no-contact order. Colon argues that the sentencing court abused its discretion by denying his request for a mental health sentencing alternative (MHSA) on a non-statutory, impermissible basis. Colon asks us to reverse and remand for resentencing within statutory limitations. Because we find that the court did not abuse its discretion, we affirm.

## FACTS

### I.    BACKGROUND

On April 21, 2021, Colon violated two no-contact orders by going to his ex-wife and children's apartment. This also violated the terms of his community custody under a drug offender sentence alternative (DOSA), which Colon was serving at the time. Colon was convicted of felony violation of a no-contact order. Colon requested a MHSA, but the trial court denied his request

and sentenced Colon to a standard range sentence of 60 months. Colon, in his first appeal,[1] challenged the trial court's denial, arguing that the sentencing court failed to meaningfully consider his request for a MHSA and rejected it based on a misinterpretation of the law. Division I of this court agreed and remanded for resentencing to consider Colon's request for a MHSA within the statutory framework.

## II.     RESENTENCING COURT'S ORAL RULING

On remand, the resentencing court issued its oral ruling after hearing from the parties, the victim, and Colon. The court framed its ruling around the statutory requirements for a MHSA, listed at RCW 9.94A.695(1)(a)-(d). The court found Colon technically eligible because he met most of the statutory requirements.

However, the court denied Colon's request, finding a MHSA inappropriate. The court concluded neither the community nor Colon would benefit from a MHSA for several reasons: there was no nexus between Colon's mental health diagnoses and his conduct underlying his conviction; the victim's opposition to a MHSA and her history with Colon; and Colon was a poor fit for a MHSA because of his criminal history, non-compliance with court orders, and limited history of engagement in mental health treatment. Even so, the court acknowledged a mental health evaluation in the presentence report that indicated a nexus between the crime and Colon's mental health diagnosis.

The court also discussed Colon's criminal history and history of non-compliance with court orders, including four no-contact order violations and eight domestic violence convictions, all with the same victim. The court mentioned Colon's knowing violation of the DOSA terms by leaving

---

[1] *State v. Colon*, No. 85043-1-I, (Wash. Ct. App. July 10, 2023) (unpublished), https://www.courts.wa.gov/opinions/pdf/850431.pdf.

the county of his residence and traveling to the victim's county. Additionally, the court noted the law violations in this case were two no-contact order violations by Colon.

The court recognized Colon's previous mental health treatment and services, referencing Colon's engagement for three to four months in 2015 with court-ordered treatment. The court discussed Colon's current engagement in treatment within the Department of Corrections (DOC) and how the court believed that such treatment would better serve Colon to change his behavior than a MHSA.

The court found "little history of compliance with community custody and participation in services," and it did "not see a benefit to the community or a willingness on Mr. Colon's part to comply with services." Rep. of Proc. (RP) at 33. The sentencing court ultimately denied Colon's request for a MHSA and resentenced Colon to 60 months within the DOC.

Colon appeals.

## ANALYSIS

I. THE COURT DID NOT ABUSE ITS DISCRETION BY DENYING THE MHSA.

Colon argues that the sentencing court abused its discretion by requiring a nexus between Colon's crime and his mental health diagnoses. He asserts the nexus requirement is a non-statutory, impermissible basis. We disagree.

A. Standard of Review

Generally, a trial court must impose a sentence within the standard sentencing range. RCW 9.94A.505(2)(a)(i); *State v. Yancey*, 193 Wn.2d 26, 30, 434 P.3d 518 (2019). "A defendant may appeal a standard range sentence if the sentencing court failed to comply with procedural requirements of the [Sentencing Reform Act of 1984 (SRA)]." *State v. Osman*, 157 Wn.2d 474, 481-82, 139 P.3d 334 (2006). While courts "have considerable discretion under the SRA, they are

3

still required to act within [statutory] strictures and [in accordance with] principles of due process of law." *State v. Grayson*, 154 Wn.2d 333, 342, 111 P.3d 1183 (2005).

Courts "may deviate from the standard range in statutorily specified circumstances," such as for a MHSA. *Yancey*, 193 Wn.2d at 30; RCW 9.94A.695. Granting an alternative sentence is entirely within the sentencing court's discretion, so long as the court does not abuse its discretion by categorically refusing to consider the request or by denying the request on an impermissible basis. *See State v. Sims*, 171 Wn.2d 436, 445, 256 P.3d 285 (2011). The sentencing court must meaningfully consider the request for a discretionary sentence in accordance with the applicable law. *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017).

B.      Legal Principles

A MHSA has four eligibility requirements:

> (a) The defendant is convicted of a felony that is not a serious violent offense or sex offense;
> (b) The defendant is diagnosed with a serious mental illness recognized by the diagnostic manual in use by mental health professionals at the time of sentencing;
> (c) The defendant and the community would benefit from supervision and treatment, as determined by the judge; and
> (d) The defendant is willing to participate in the sentencing alternative.

RCW 9.94A.695(1).

Whether to grant a MHSA is entrusted to the sentencing court's discretion:

> After consideration of all available information and determining whether the defendant is eligible, the court shall consider whether the defendant and the community will benefit from the use of this sentencing alternative. The court shall consider the victim's opinion whether the defendant should receive a sentence under this section. If the sentencing court determines that a sentence under this section is appropriate, the court shall waive imposition of the sentence within the standard range.

RCW 9.94A.695(4).

4

C.      Analysis

The record does not support Colon's contention that the sentencing court abused its discretion in denying his request for a MHSA by requiring a nexus between his conduct and his mental health diagnoses as an additional non-statutory factor.

It is apparent from the record that the court considered a connection between Colon's diagnosis and offense as a way of determining whether there would be a benefit to the community, a permissible consideration under RCW 9.94A.695.

The court reasoned that if the underlying conduct of the conviction was not at least in some way caused by a mental health issue, ameliorating Colon's mental health condition via MHSA treatment would have no impact on preventing similar conduct. This is not an additional element, but simply one way to consider whether the community would benefit from treatment aimed at controlling symptoms arising from Colon's mental health diagnoses that could lead to criminal conduct in the community.

There is a lack of authority on the MHSA "benefit to the community" factor. DOSA cases, however, may be instructive by analogy. In *State v. Williams*, 199 Wn. App 99, 112, 398 P.3d 1150 (2017), the defendant requested a DOSA but was denied because of the lack of evidence of drug use. The *Williams* court held that this consideration was not an abuse of discretion. *Id*. Similar to *Williams*, here the trial court did not find a nexus between Colon's conduct and his mental health diagnoses. Thus, the court did not abuse its discretion when it considered this factor in connection with whether a MHSA would benefit the community.

Additionally, the sentencing court gave other reasons supporting its determination that a MHSA would benefit neither Colon nor the community. These include the victim's opinion, Colon's criminal history, Colon's noncompliance with community custody, and Colon's participation in treatment and services.

The court acted within its discretion when it considered Colon's criminal history to support its ruling that granting a MHSA would not benefit the community. In *Grayson*, 154 Wn.2d at 342, our Supreme Court stated that the defendant could have been denied a DOSA based on his extensive criminal history and his continued offenses while on conditional release. Similarly, in this case, the sentencing court noted Colon's recidivism in the form of repeated no-contact order violations and his domestic violence convictions, as well as his knowing violation of his community custody. The court cited this evidence to support a lack of community benefit. The court acted within its discretion when considering this evidence in finding a MHSA inappropriate. *See id.* at 341-343.

The court acted within its discretion when it determined that continued treatment within DOC was more suitable than a MHSA. The court considered Colon's recidivism and mental health and treatment history in relation to which sentence and corresponding treatment best benefits him and the community. The court believed his DOC treatment to be better suited to changing his behavior. These considerations speak to the court weighing Colon's prospective treatment and how to protect the community, considerations that fall under whether a MHSA would benefit both Colon and the community. Therefore, the court did not abuse its discretion.

The court did not abuse its discretion in denying Colon's request for a MHSA based on its consideration of a nexus between Colon's mental health diagnoses and his conduct. Instead, the court considered the relevant statutory factors and made clear that its conclusion was based on the lack of benefit to both Colon and the community.

## CONCLUSION

Accordingly, we affirm Colon's sentence.

_____
Veljacic, A.C.J.

We concur:

_____
Glasgow, J.

_____
Price, J.