FILED
7/14/2025
Court of Appeals
Division I
State of Washington

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>     Respondent,<br><br>  v.<br><br>ANTONIO DONJUAN AARON,<br><br>     Appellant. | No. 86680-0-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

HAZELRIGG, C.J. — Antonio Donjuan Aaron appeals the standard range sentence imposed after he was convicted for one count of robbery in the second degree. Aaron contends the trial court erred when it denied his request to impose a Mental Health Sentencing Alternative. Because the trial court acted within its discretion, we affirm.

FACTS

In 2021, the State charged Antonio Aaron with one count of robbery in the second degree. The State later amended the information to include one count of robbery in the first degree and two additional counts of robbery in the second degree. The charges stemmed from a string of incidents that occurred in October 2021, during which Aaron pretended to have a firearm hidden in his pocket and threatened to use it while robbing multiple businesses of cash.

Aaron ultimately entered a guilty plea to a single count of robbery in the second degree. The trial court calculated his offender score as 34, resulting in a standard sentencing range of 63 to 84 months.

At sentencing, Aaron requested the court impose a community custody term of 12 to 36 months under the Mental Health Sentencing Alternative (MHSA). He submitted a presentence report and a letter from Evergreen Health outlining his diagnoses, which included major depressive disorder, generalized anxiety disorder, and post-traumatic stress disorder. In addition to his mental health conditions, Aaron demonstrated significant physical limitations. He has been unable to move the left side of his body since late 2021, relies on a wheelchair, and cannot dress himself without assistance. He also underwent hip surgery, after which a care provider opined that he will never walk again, and now depends on regular physical therapy to meet his basic self-care needs.

The State recommended a sentence of 73.5 months in prison, the midpoint of Aaron's sentencing range. The court denied the MHSA request and sentenced Aaron to 73.5 months of confinement, followed by 18 months of community custody.

Aaron timely appealed.

ANALYSIS

Aaron avers that the trial court failed to meaningfully consider his MHSA request and denied it based on both a misreading of the law and a factually unsupported conclusion. We disagree.

"An appellate court will reverse a sentencing court's decision only if it finds a clear abuse of discretion or misapplication of the law." *State v. Blair*, 191 Wn.2d 155, 159, 421 P.3d 937 (2018) (quoting *State v. Porter*, 133 Wn.2d 177, 181, 942 P.2d 974 (1997)). "A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds; this standard is also violated when a trial court makes a reasonable decision but applies the wrong legal standard or bases its ruling on an erroneous view of the law." *State v. Corona*, 164 Wn. App. 76, 78-79, 261 P.3d 680 (2011).

"Trial courts must generally impose sentences within the standard range." *State v. Osman*, 157 Wn.2d 474, 480, 139 P.3d 334 (2006). Under RCW 9.94A.585(1), a defendant may not appeal a standard-range sentence. However, this bar does not preclude appellate review of the legal determinations underlying the trial court's sentencing decision. *State v. McFarland*, 189 Wn.2d 47, 56, 399 P.3d 1106 (2017); *see also State v. Grayson*, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005) ("[A]n offender may always challenge the procedure by which a sentence was imposed.").

RCW 9.94A.695 establishes a discretionary sentencing alternative for individuals convicted of felonies who are also diagnosed with certain serious mental health conditions. Under the statute, the trial court may impose an MHSA if the defendant meets four conditions:

> (a) The defendant is convicted of a felony that is not a serious violent offense or sex offense;
> (b) The defendant is diagnosed with a serious mental illness recognized by the diagnostic manual in use by mental health professionals at the time of sentencing;

(c) The defendant and the community would benefit from supervision and treatment, as determined by the judge; and

(d) The defendant is willing to participate in the sentencing alternative.

RCW 9.94A.695(1).[1]  The trial court maintains broad discretion to grant or deny a sentencing alternative, so long as it does not act on an impermissible basis.  *See State v. Sims*, 171 Wn.2d 436, 445, 256 P.3d 285 (2011).  RCW 9.94A.695(4) expressly requires the following:

> After consideration of all available information and determining whether the defendant is eligible, the court shall consider whether the defendant and the community will benefit from the use of this sentencing alternative. The court shall consider the victim's opinion whether the defendant should receive a sentence under this section. If the sentencing court determines that a sentence under this section is appropriate, the court shall waive imposition of the sentence within the standard range.

The statute does not require any nexus between the crime and the defendant's mental health diagnosis.  RCW 9.94A.695(1).  "There is a lack of authority on the MHSA 'benefit to the community' factor."  *State v. Colon*, 34 Wn. App. ___, 567 P.3d 661, 665 (2025).

When considering a request for a discretionary sentence, a trial court must meaningfully engage with the motion under the correct legal framework.  *Grayson*, 154 Wn.2d at 342.  A trial court errs if "it refuses categorically to impose an exceptional sentence below the standard range under any circumstances" or operates under the false belief that it lacks discretion.  *State v. Garcia-Martinez*, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997).

---

[1] RCW 9.94A.695 was amended in 2024.  LAWS OF 2024, ch. 373 § 1.  No substantive changes were made that affect this opinion; therefore, we cite to the current version of the statute.

- 4 -

Here, when declining to sentence Aaron to a MHSA, the sentencing court explained,

> [I]n considering to exercise my discretion as to whether or not to give you a standard-range sentence or an alternative sentence, I considered the—[defense counsel]'s submission. I read the certification.
>
> This was originally four counts, one count of robbery in the first degree and three counts of robbery in the second degree. And—and—and it—it is the case that Mr. Aaron apparently had a—a fake gun or no gun, faked a gun. Never—the bank teller said they never saw a gun. But it—you know, I think everyone here agrees that you can't diminish how terrifying that is for people who are working at their various places of work.
>
> And, Mr. Aaron, you have spent a lot of your life in the Department of Corrections. That's very apparent from the criminal history. And I'm sorry for the loss of your sons. I didn't know about your second son, but it's in the briefing about your first. But ultimately, Mr. Aaron, I—I just—I don't see the nexus between your condition and the—the crimes that were committed.
>
> And so for that reason, it's not clear to me that mental health treatment would frankly address that. It—it would be salutary. It would be helpful for you generally, but I don't honestly see the connection.

Aaron contends that the last statement reflects a refusal to exercise discretion and an improper interpretation of the law. He claims that the absence of a connection between his mental illness and the crime cannot justify denial of the MHSA. He argues that the statute focuses on present diagnoses and whether treatment would benefit both parties, not on causation.

Division Two of this court recently addressed this issue in *State v. Colon*, where the defendant also challenged the denial of an MHSA based on the trial court's consideration of a nexus between the mental health condition and the crime(s) of conviction. 567 P.3d at 663. The panel rejected the claim and held that although such a nexus is not a requirement, a sentencing judge may properly

consider whether such a connection exists when evaluating whether supervision and treatment would benefit the community. *Id.* at 665.

The reasoning in *Colon* applies here. The trial court acted within its discretion when it denied Aaron's MHSA request after considering whether his mental health conditions bore a connection to the offense. The court's inquiry considered the statutory requirement that the "defendant and the community will benefit from supervision and treatment." RCW 9.94A.695(1)(c). The statute grants sentencing courts broad authority to evaluate what constitutes a "benefit" to the community in a given case. Assessing whether Aaron's mental illness contributed to the offense was a permissible way to determine whether supervised treatment would meaningfully reduce recidivism or otherwise advance public safety.

The trial court did not misinterpret the statute or apply an unwarranted requirement. It did not categorically refuse to consider the MHSA or conclude that it lacked discretion to impose it. To the contrary, the record shows that the court reviewed the sentencing briefs submitted by both parties, acknowledged the legal standard, and weighed Aaron's request in light of his criminal history, his medical and psychological records, and the facts of the case.

In *Colon*, the court emphasized that "[g]ranting an alternative sentence is entirely within the sentencing court's discretion, so long as the court does not abuse its discretion by categorically refusing to consider the request or by denying the request on an impermissible basis." 567 P.3d at 664. That principle similarly governs here. Nothing in the record suggests that the trial court misunderstood its authority or relied on a legally impermissible ground when it denied the defense

request for a sentencing alternative.  Given the information before it, including Aaron's extensive criminal history and the nature of the offenses, the court's decision to deny the sentencing alternative and impose a standard-range sentence falls well within the bounds of its discretion.

Affirmed.

WE CONCUR: